CASE 114—WILL CONTEST—DECEMBER 6.

# Ward, Etc. v. Ward, Etc.

|104  857|
|e119  44|

APPEAL FROM DAVIESS CIRCUIT COURT.

WILLS AND DEEDS—DISTINGUISHING CHARACTERISTICS.—The one important characteristic distinguishing a will from a deed is that in the case of a will no estate is granted to became vested until after the death of the testator. In this case where an estate is vested upon a valuable consideration during the grantor's life the instrument is held not a will, although the language used is "I give, devise and bequeath."

SWEENEY, ELLIS & SWEENEY FOR APPELLANTS.

1. The paper in dispute was dated November 22, 1891, and Daniel Ward, the testator, died January, 1894, at the age of eighty-nine years. If it becomes necessary for the court to pass upon the question of Daniel Ward's capacity to make a will, and the question of undue influence, the testimony of the witnesses should be carefully consulted.

2. Appellants' first contention is the paper in dispute is not a testamentary document.

(a.) The paper vests a present estate in the grantees; it devests the grantor or devisor of his right to the use, control and possession of the land; such a paper is not a will, but a contract.

(b.) The essential characteristic of testamentary paper is, that it operates only upon and by reason of the death of a person. The following authorities fully sustain the proposition asserted under this head. Nickols v. Emery, 50 Am. St. R., 44;

Hazleton v. Reed, 26 Am. St. R., 86; Carton v. Cameron, 38 Am. St. R., 620 and note; Beebe v. McKinsey, 19 Ore., 296; Bunch v. Nix, 50 Ark., 367; Reed v. Woodward, 11 Phil., 541; Simon v. Wildt, 84 Ky., 157; Phillips, &c. v. Thomas Lumber Co., 15 Ky. Law Rep., 219.

3. If the court shall hold that the position taken by counsel for appellants, that the paper in controversy is not a testamentary document is unsound, and shall hold that it is a will, then we reply that it can not in any event be other than a contingent or conditional will.

Note the language of the paper itself, after disposing of the land it says: "Provided that he (Davis J. Ward) is to give me and my wife a home on said farm, and to board, clothe, pay doctor's bill and all necessary expenses for a comfortable support during our natural lives, and to bury us when dead free of charges," &c.

The conveyance or devise is based upon the consideration and condition expressed in the above underscored language, and the undertaking on the part of the grantees or devisees constitute the sole condition upon which the paper was made.

Whether the devisees were or were not to take the land mentioned was conditioned upon the performance by them of the condition stipulated in the paper.

The following authorities sustain the contention that the paper, if a will, is conditional, that in order to hold under it the precedent condition imposed by the paper itself must appear to have been complied with. Bradford's Admrx. v. Bradford, &c. 4 Ky. Law Rep., 947; Likefield, &c. v. Likefield, 82 Ky., 589; Dougherty, &c. v. Dougherty, &c., 4 Met., 25; Page, &c. v. Frazer's Exrs., 14 Bush, 205; 29 Am. & Eng. Enc. of L., 130, 131 and numerous cases cited in the notes to the text; Bolman v. Overall, 80 Ala., 451; s. c. 60 Am. R., 107, and 66 Am. Dec., 773.

Herein the court will consider instruction "C" asked by the appellant, which was refused by the lower court. If we are correct in the contention under this head, that the paper, if a will at all, is a contingent will, then the lower court erred in refusing to give instruction "C" asked by appellants.

4. The lower court refused to allow appellants to offer testimony, that appellees had not complied with the conditions enjoined upon them in the paper; it refused to allow them to prove that they had maltreated and cruelly neglected the testator,

this was an error for which the case should be reversed. Simon v. Wildt, 84 Ky., 157; Reynolds v. Adams, 90 Ill., 134; 32 Am. R., 15.

5. The court erred in refusing to instruct the jury peremptorily to find that the paper in controversy was not a testamentary document, and to the effect that the jury should find that the paper was not the last will and testament of Daniel Ward.

Same citations as under point 3, *supra*.

6. Counsel for appellants contend that the overwhelming preponderance of the proof in the record established the fact that Daniel Ward did not have testamentary capacity at the time the paper in controversy was made. Applying the law as stated in the following cases to the facts as they appear in the record, we insist that there was not sufficient evidence to authorize the jury to find that the paper was the last will of Daniel Ward. Wise v. Foote, 81 Ky., 10; Phillips v. Phillips, 81 Ky., 328; Sherley v. Sherley, 81 Ky., 240; Bush v. Lisle, 89 Ky., 393; Zimlich v. Zimlich, 90 Ky., 657.

7. The paper in contest was procured by fraud and undue influence; appellants rely upon this as a ground for reversal on the authority of the following cases. Fry v. Jones, 95 Ky., 148; Lucas v. Cannon, 13 Bush, 650; Wise v. Foote, 81 Ky., 10; Bush v. Lisle, 89 Ky., 393; Overall v. Bland, 11 Ky. Law Rep., 371; Bledsoe v. Bledsoe, 8 Ky. Law Rep., 55.

GEO. W. JOLLY FOR APPELLEES. (REUBEN A. MILLER AND HORACE JOLLY OF COUNSEL.)

1. The court ruled correctly that the propounders had the burden of proof. Milton v. Hunt, 13 Bush, 163; Fee v. Taylor, 83 Ky., 259; Johnson v. Stivers, 95 Ky., 128; Barlow v. Waters, 28 S. W. R., 785.

2. The instructions correctly stated the law. Wise v. Foote, 81 Ky., 15; Bush v. Lisle, 89 Ky., 393; Barlow v. Waters, 28 S. W. R., 785; Elliott's Will, 2 J. J. Mar., 340; McDaniel's Will, 2 J. J. Mar., 331.

3. The paper in contest is a will. Ky. Stats., sec. 4839; Stevenson v. Huddleson, 13 B. M., 299; Phillips v. Thomas Lumber Co., 94 Ky., 445; 42 Am. St. R., 369; Rawlings v. McRoberts, 95 Ky., 346; Wall v. Wall, 30 Miss., 91; 64 Am. Dec., 150; Sharp v. Hall, 86 Ala., 110; 11 Am. St. R., 28; Wilborn v. Weaver, 17 Ga., 267; 63 Am. Dec., 235; Burlington University v. Barrett, 22 Ia., 60;.

92 Am. Dec., 376; and notes 13 and 14; Bowles v. Winchester, 13 Bush, 1.

GEO. W. JOLLY FOR APPELLEE IN A PETITION FOR A REHEARING.

Additional citations: 3 Washburn R. P., 436; 4 Kent, 468 Devlin on Deeds, vol. 1, sec. 213; Ratliffe v. Marrs, 87 Ky., 26; Bank v. Porter, 110 U. S., 608.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In January, 1894, Daniel Ward died in Daviess county. After his death the appellees produced and offered for probate in the county court a paper purporting to be the last will and testament of said decedent. By the order and judgment of the county court the paper was probated as the will of Daniel Ward, and appellants prosecuted an appeal to the circuit court. That court, upon trial had, adjudged the paper to be the will of Daniel Ward, and from that judgment this appeal is taken.

The paper in contest reads:

"In the name of God, Amen. I, Daniel Ward, of Daviess county, State of Kentucky, being of sound and disposing mind and memory, calling to mind the frailty of human life, and being desirous to make some special bequests to my three sons, David J. Ward, Thomas W. Ward, and Walter L. Ward, while I have strength and capacity so to do, do make and publish this, my last will and testament, in manner and form following, to-wit: First, I give, devise and bequeath to my son David J. Ward the farm upon which we are now living, in Daviess county, Kentucky, containing one hundred and thirty-three acres, more or less. To have and to hold said home farm, to him and his heirs and assigns, forever: provided, that he is to give me and my wife a home with him on said farm, and to board, clothe, pay doctor's bills, and all necessary expenses for a

comfortable support during our natural lives, and to bury
us when dead, free of charge, but to be assisted by his two
brothers, Thomas W. Ward and Walter L. Ward, as will
be hereafter mentioned.    He is also to keep one horse free
of charge, and is to take possession at this writing, and
to pay taxes on the farm; and it is to be his entire interest
in my estate, both personal and real.    Second, I give, de-
vise, and bequeath to my two sons, Thos. W. Ward and
Walter L. Ward, a tract or parcel of land off of the south-
west end of the tract of land, containing (170 acres) one
hundred and seventy acres, bought of Cameal and Griffith,
December 15, 1843.    See Deed Book G., page 353.    To com-
mence from the S. W. corner of said land and running
N. 10 E., with the southern lines of said tract of land,
also with Thos. W. Wade's southern line, same course,
so as to include eighty-six acres, which is to be equal-
ly divided east and west, and Thomas to have the por-
tion lying next to his home tract of land, and Walter
L. Ward to have the portion lying south of it.    To have
and to hold said parcels of land, to them and to their heirs
and assigns, forever; provided, however, that they are
each to be bound with David for all necessary expenses for
the maintenance of myself and wife during our natural
lives, and  burial expenses when dead.    They are to take
possession of said land at this writing, and to pay the
taxes on the same; and it is to be their entire interest in
my estate, both real and personal.    In witness whereof I
have hereunto set my hand and seal this 27th day of No-
vember, 1891:   Daniel Ward.

"The foregoing instrument was at the date thereof de-
clared to us by the testator, Daniel Ward, to be his last
will and testament, and acknowledged to each of us that
he had subscribed the same; and we at his request sign

our names hereto as attesting witnesses. B. F. Ramsey, Whitesville, Daviess County, Kentucky, D. F. Brooks,. Whitesville, Daviess County, Kentucky."

Counsel for appellants contend that the paper is not testamentary, and not a will at all, and that, therefore, it could not, under any proof, be admitted to probate. If this contention be correct, it is decisive of the case, and it will be unnecessary to notice any other errors complained. of. Blackstone defines a will to be "the legal declaration of a man's intention, which he wills to be performed after his death." 2 Bl. Comm., 499. Jarman defines a will to be "an instrument by which a person makes a disposition of his property, to take effect after his decease, and which is in its own nature ambulatory and revocable during his life. 1 Jarm. Wills, p. 26. Redfield approves the definition of the Supreme Court of Maryland, that a will is "any instrument whereby a person makes a disposition of his property, to take effect after his death." 1 Redf. Wills, 5 approving Cover v. Stem, 67 Md., 449 [10 Atl., 2331 1 Am. St R., 406]. "A will may be defined as the legal declaration of a man's intention, which he wills to be performed after his death, touching either the disposition of his property,. the guardianship of his children, or the administration of his estate." 29 Am. & Eng.. Enc. of Law, 124. There is no particular form of a will or deed prescribed by our law, but common usage has chosen certain words. that appear in either kind of instrument, and generally do. so appear. The words "give, devise, bequeath," are common to wills. The expression, "To have and to hold the premises, to him and his heirs and assigns, forever," is common to deeds. This is the usual *habendum* clause in deeds. This instrument contains both expressions. However, the instrument itself says, "Do make and publish this, my last will and testament," and was witnessed as a

will, and was not acknowledged or recorded as a deed. The instrument grants an estate and provides that possession is given that date, and provides, "He is to give me and my wife a home with him on said farm," etc. The instrument recites a condition that had not already passed, but was in the future, to give a home, to board, clothe, pay doctor's bills and all necessary expenses, and to bury, when dead, the grantor or donor and his wife. With all these conditions and elements of both a deed and a will, we are to determine whether the instrument is a will, as the decedent designates it. In the case of Carleton v. Cameron, 54 Tex., 72, [38 Am. R., 620],the Supreme Court of Texas, in passing upon an instrument in form a deed, but containing this clause: "N. B. the said Abner Lee holding in reserve all the within estates, both real and personal, during the natural life of the said Abner Lee," held it to be testamentary, as it clearly appeared to be the intention of the maker that the instrument was to take effect only on his death, and that a subsequent deed to the same property conveyed the title. In the case of Beebe v. McKenzie, Oregon Sup. Ct., 26 Am. St. Rep., 296 [24 Pac., 236], where the instrument was in form a deed, and was acknowledged, but contained this clause: "The foregoing sale and conveyance is understood and agreed to be completed and done at the death of the said Thos. McKenzie, and that the possession and right of possession remains and rests, until his death, in the said Thos. McKenzie, in consideration of the marital will and assistance extended by the said Fannie C. McKenzie, retains to himself only the life proprietorship and ownership of the foregoing property, and conveys to her all other rights which the said Thos. McKenzie may have therein"—the court held this to be a deed, and used this language: "To determine the nature of an instru-

ment, the intention of the maker, to be collected from the whole instrument, subject to the rules of law, is the pole star by which to be guided. The fact that it is in form and phraseology a deed signifies nothing. If it is plain from the language used, and what is appointed to be done after the maker's death, that it is testamentary in its nature it is a will." In the case of Hazleton v. Reed, 46 Kan., 73, [26 Pac., 450, 26 Am. St. R., 86], the Supreme Court of Kansas approved this language: "It may be laid down as a general rule that an instrument in the form of a deed, sealed, signed, and delivered as such, if it discloses the intention of the maker respecting the posthumous destination of his property, and is not to operate until after his death, is a will, and not a deed," citing 19 Cent. Law J., 47. In the case of Nichols v. Emery, 109 Cal., 323, [41 Pac., 1089, 50 Am. St. R., 43], the Supreme Court used this language: "The essential characteristic of an instrument testamentary in its nature is that it operates only upon, and by reason of, the death of the maker. Up to that time it is ambulatory. By its execution the maker has parted with no rights, and devested himself of no modicum of his estate; and, per contra, no rights have accrued to, and no estate has vested in, any other person. The death of the maker establishes for the first time the character of the instrument. It at once ceases to be ambulatory. It acquires a fixed status, and operates as a conveyance of title."

From these authorities of other courts than our own— and they might be extended indefinitely—it appears that the one important characteristic that is to distinguish a will is that no present estate is granted; that the devisor has at all times the right of revocation, at his will and pleasure, without thereby devesting any person of a right,

or himself thereby incurring a liability.    If the instrument by its terms vests an estate before the death of the testator, it is not testamentary, because it is not ambulatory. This rule has been recognized by this court in the case of Simon v. Wildt, 84 Ky., 158; the court saying:    "If no conclusive effect can be given to the paper until the death of the maker if it appear that the maker did not intend any interest whatever to vest before his death—then the law regards the instrument as testamentary;" thereby impliedly holding the converse to be true (i. e., if it appear that the maker intended any interest to vest before his death, it was not a will).    Applying these rules to the instrument in question, we are of opinion that it is not testamentary, and that the judgment admitting it to probate as the will of Daniel Ward is erroneous, and should be reversed.    If we were to go further into an examination of the case (and it seems unnecessary), we should find, by the testimony of appellees themselves, that, within a few days after the will was written, they, knowing its contents, measured the land off to each as the will provides it shall be divided, and at least at that time took possession of same, under the writing, and have had possession ever since, thereby clearly showing a present estate and right granted; and for that reason the paper is not testamentary in character, nothing being left to be done after the death of Daniel Ward.    Wherefore the judgment is reversed, and the cause remanded, with directions to the lower court to render a judgment rejecting the paper as the last will of Daniel Ward, and for proceedings consistent herewith.