## Smith v. Scott's Exor.

(Decided December 5, 1912.)

'Appeal from Simpson Circuit Court.

1. Deeds—Requisites and Validity.—Deeds, to be effective, must by the maker, be signed, acknowledged, and delivered to the grantee.
2. Deeds—Requisites—Distinguished From Other Dispositions of Property.—If an estate, created by an instrument, vests during the life of the maker, the instrument is a deed; if the estate is loperative only upon the death of the maker, it is a will.
3. Executors and Administrators—Real Property—Sale—Power Under Will—Title of Purchaser.—A sale and conveyance of real estate by the executor is authorized by the will; and his deed therefor to the purchaser passes the fee simple title to the land.

L. B. FINN for appellant.

ROARK & FINN and G. T. FINN for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Lewis D. Scott died testate, a resident of Simpson County, Kentucky, the owner of certain real estate. By his will, which was duly probated, he directed his executor to sell said real estate. In pursuance of said authority, Dave Scott, whom he named as executor, sold the land to D. W. C. Smith and tendered him a general warranty deed therefor. Conceiving that there was a defect in the title, Smith declined to accept the deed. Thereupon the executor instituted a suit to compel him to do so. The defendant, by way of defense, while admitting that the title to said property was perfect in the decedent, pleaded that the decedent in his lifetime had executed a writing whereby he conveyed, or attempted to convey, the land in controversy to one of his children, for life, with remainder to said child's children, if he had any living at his death, and, if not, then the land should revert to his estate; that, by reason of said writing, the executor had no power to convey and pass title to the fee to said land; and that he should not, on this account, be required to accept the deed so tendered to him. In his reply, the executor admitted that the decedent, in his lifetime, attempted to divide his landed estate among his children, and convey to each the portion thereof, which he desired him to have; that he, in furtherance of this desire, executed and de-

livered to one of his children, a daughter, a deed to one portion of his land; but that, although he prepared deeds to his two sons, they were never acknowledged by him or delivered to his sons; and that he died while they were in this condition. He pleaded further that the children and heirs at law of said decedent had never attempted to take or hold the lands under said incomplete writings; and that they were not then laying claim to said lands in any manner, except under and by virtue of the will of decedent, which had been probated and under which the executor had made the sale. The incompleted deeds had been filed in a suit between the two sons and their sister, in which they attempted to have the deed made to her by their father set aside. The record in that suit was searched for said papers, but they had been lost or misplaced; and there being no copies extant, neither the original papers nor copies could be filed with the record in this case. From the evidence heard, it is clear that these writings were intended as deeds. The draftsman, in the preparation, had used language in the caption, granting and habendum clauses, commonly used in conveyancing, and while the papers were each signed by decedent they were never acknowledged or delivered, and at his death were found at his home among his private papers. Since the said papers were neither asknowledged nor delivered, they cannot operate as deeds; and unless they can be treated as wills, they cannot be regarded as having any binding force or effect. In Ward v. Ward, 104 Ky., 857, the distinguishing characteristic between a will and a deed is pointed out to be that, in a deed some estate vests in the grantee during the life of the grantor, whereas, under a will, no estate is granted or vests until after the death of the testator. In Eckler v. Robinson, 29 Rep., 1038, the court, speaking through Chief Justice Hobson, said:

"The rule is that if a paper passes no interest in the lifetime of the maker, whatever may be its form, if it is operative only upon his death, it is a will and to be effective must be probated. On the other hand, the object of all construction is to arrive at the intention of the parties and their intention, where it is apparent on the face of the papers, will be carried into effect if it can be fairly done under its terms."

Accepting then, the intention of the decedent, at the time these writings were drawn, as a guide in determin-

ing their character, we are constrained to hold that they were intended by him as deeds and not as wills. After his death, his children viewed them in the same light, for they never probated, or offered to probate, them. Being incomplete as deeds, they are of no binding force or effect whatever.

The only remaining question is: Does the language used by the testator, confer upon the executor power to sell and convey his real estate? Upon this point, the will provides:

"I desire that my executor hereinafter appointed sell the home place (this is the land in question) located north of Franklin, Ky., on the Louisville and Nashville pike and invest the proceeds in good interest bearing bonds or real estate notes. *    *    *

"I hereby appoint my brother, Dave Scott, as my executor empowering him to execute deed to the sale of the real estate mentioned above and to act without bond."

This is an unqualified direction, first, that his executor shall make a sale of this land; and second, that, having made the sale, he shall convey the land. Authority could not have been given in any more direct, positive or unambiguous terms. The chancellor correctly held that the executor was empowered to make the sale and, by deed, convey or pass the title to his purchaser. We are further of the opinion that the deed tendered by the executor passed the fee simple title to the land; and appellant having failed to show any good reason why he should not accept the deed and pay for the land, the chancellor did not err in requiring him to do so.

Judgment affirmed.