## McKinley et al. v. McKinley et al.

May 13, 1941.

B. J. Bethurum for appellants.

Bertram & Bertram and E. Bertram for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case involves the construction of a paper executed by J. M. McKinley shortly before his death in 1935. The paper, prepared in the form of a deed, was probated as the last will and testament of McKinley, with the wife of the maker as the grantee. It contains these provisions:

"This deed is made upon the conditions that it is not to be delivered to the second party except as in the name hereinafter provided and it is not to take effect or to become operative until and except in the event of the death of the first party.

"This deed is to be held in escrow by the firm of Duncan & Duncan, Attorneys of Monticello, Ky., and it is not to be delivered by them to second party except upon the death of the first party and it is to be subject to the call by the first party at any time he desires.

"It is the purpose of this deed to convey a fee

simple estate and give the second party a right to dispose of the property as she may see fit and in the event she does not dispose of the property before her death, I will and desire that at her death the land shall go to my bastard son, Bob McFarland, and I desire that my bastard son aid and assist my wife in managing said farm, but second party is to have absolute control of all of said lands free from any limitations whatever.

\* \* \*

"\* \* \* It is the intention of the first party to convey to second party upon his death and absolute estate in all his lands. This deed is to be and is so intended to be testamentary and is executed with the formality to render it testamentary in character should it be necessary for it to assume that character to be effectual*ly* as intended."

Two persons witnessed the paper. Those contesting the will, the appellants, instituted this action in the Wayne circuit court. After the appellees, defendants below, had introduced the witnesses to the will, the appellants moved the court to instruct the jury to find the paper offered in evidence not to be the last will of J. M. McKinley. This motion was overruled and, upon the failure of the appellants to offer any evidence to sustain their contentions, the court instructed the jury to find the paper to be the last will and testament of J. M. McKinley. This appeal is being prosecuted from the judgment on that directed verdict.

The appellants stress the following testimony of the draftsman of the paper under consideration:

"Q. Did you understand what you were being called for? A. I believe when Mr. McFarland came after me he said Mr. McKinley had some papers he wanted to be fixed; don't think until I got there I knew what he wanted.

"Q. You went under the impression that you were going to write a will? A. Yes, sir.

"Q. I notice this reads in the language of a deed, how come you not to write in the language of an ordinary will? A. I spoke to Mr. McKinley and asked him what he wanted with me and he told me he wanted me to write a deed and that he wanted

the deed to be held by Duncan & Duncan and I told him it wouldn't be a good deed and no delivery; I undertook to explain it to him, but it never seemed clear to him; he insisted on making a deed and that provision being in it and I knew the only way it could be effected was as a will.

"Q. Did he ever consent to making a will? A. I undertook to explain to him that a deed wouldn't be good and had it executed in the formality of a will.

"Q. He didn't tell you to do that? A. He insisted all the time on making a deed.

"Q. And not a will? A. Yes, sir.

"Q. You wrote a deed, but for obvious purposes had it executed as a will? A. That is true. I knew, under the circumstances, in case of death, it wouldn't be good.

"Q. You did write and put in it what he wanted? A. Yes, sir, I did.

"Q. He was under the impression that he executed a deed? A. Yes, sir.

"Q. No other intention intended? A. No, it was written as a deed.

"Q. Did he ever withdraw his purpose to make a deed at any time? A. He didn't, that I know of.

"Q. You left him under the impression he had made a deed? A. It is a deed.

"Q. He didn't know any better than just thought it was a deed? A. Yes, sir."

This witness further testified that he read the instrument to McKinley, explained it to him and advised him to have two witnesses sign it in his presence, which was done.

The appellants earnestly insist that the provisions of the instrument itself and the testimony of the draftsman show conclusively that McKinley had no intention of making a will, but rather that he intended to execute a deed and believed that he had done so. The appellees contend on the other hand that the paper is a will and

that its provisions are clear and unambiguous. We think the paper is a will. There is this significant language in it:

"* * * It is the intention of the first party to convey to the second party upon his death an absolute estate in all his lands. This deed is to be and is so intended to be testamentary and is executed with the formality to render it testamentary in character should it be necessary for it to assume that character to be effectual*ly* as intended."

McKinley signed the paper with that statement in it and there were two witnesses to his signature. Furthermore, it is our view that the testimony of the draftsman shows that McKinley wanted prepared an instrument under which his lands would go to his wife at his death. That purpose is clear, though the draftsman did say that McKinley insisted that a deed be prepared, but the instrument itself shows that he intended that it be testamentary in character. We have frequently said that no particular form is required for a will. In the case of Simon v. Wildt, 84 Ky. 157, it was said:

"No particular form for a will is required. If an instrument be in form a deed, yet if it appears that the maker did not intend it to be operative until after his death, then it will be held to be a will.

"Whether it is the one or the other, is a question of intention. If no conclusive effect can be given to the paper until the death of the maker—if it appear that the maker did not intend any interest whatever to vest before his death, then the law regards the instrument as testamentary." See also Ward v. Ward, 104 Ky. 857, 48 S. W. 411; Ison v. Halcomb, 136 Ky. 523, 124 S. W. 813; Morrison v. Bartlett, 148 Ky. 833, 147 S. W. 761, 41 L. R. A., N. S., 39; Vaughn v. Metcalf, 274 Ky. 379, 118 S. W. (2d) 727.

It follows from what has been said that it is our view that the judgment should be and it is affirmed.