[No. 2,537.]

I. W. HELLMAN, WM. WORKMAN, AND F. P. F. TEMPLE v. GEORGE H. HOWARD, ADMINISTRATOR OF THE ESTATE OF CHARLES V. HOWARD, DECEASED, JOHN G. DOWNEY, AND P. BEAUDRY.

ADMISSION IN PLEADING BINDS A PARTY.—When it is admitted by the pleadings that a promissory note in suit given to a married woman was assigned by the payee to the plaintiffs, the question cannot be raised on the trial whether the assignment was made in such form as to pass the interest of a married woman.

MEANING OF WORD "DEED."—The word "deed" in its largest sense includes a mortgage, but when it appears from the language of a contract that it was used therein in a limited sense, and as meaning an instrument conveying the title to land, it will not be held to include a mortgage, in construing the contract.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

Suit on the following promissory note:

"Los ANGELES, December 3d, 1868.

"On the fifteenth day of April, A. D. 1869, we promise to pay to Maria Merced W. de Carrillo or order, for value received, the sum [of] three thousand six hundred dollars, gold coin, without interest.

"C. V. HOWARD,

[Two-dollar stamp, canceled.]       "JOHN G. DOWNEY,

"P. BEAUDRY.

"Witness: JOSEPH HUBER, Jr."

The complaint averred that the said Maria Merced W. de Carrillo, with her husband, José C. Carrillo, December, 1868, indorsed the same, and delivered it so indorsed to the said plaintiffs, who now hold the same.

On the 3d day of December, 1868, John G. Downey, P. Beaudry, C. V. Howard, Manuel F. Coronel, and J. S. Garcia purchased from José C. Carrillo and his wife, Maria Merced W. de Carrillo, the Rancho San José del Valle, or Buena Vista, lying in the County of San Diego, for the sum of thirteen thousand dollars. The conveyance was by common bargain and sale deed, which was recorded December 4th, 1868.

On the day of the purchase, the following instrument was executed:

"This agreement witnesseth: that we have received from P. Beaudry, J. Garcia, J. G. Downey, M. F. Coronel, and C. V. Howard, the sum of thirteen thousand dollars, gold coin, for and on account of Maria Merced Williams de Carrillo,

for and on account of the sale of the Rancho ' San José del Valle,' or Warner's Ranch, situate in the County of San Diego, State of California, to the aforesaid parties; which sum we, the undersigned, bind ourselves, our heirs, executors, and assigns, to return to the said parties so paying the same if another deed conveying the interest of said Maria Merced Williams de Carrillo shall have been executed and recorded prior to the one executed to the aforesaid parties, or if for any reason the deed conveying said ranch to said parties of even date herewith shall fail to convey the said rancho to the said parties.

" In witness whereof we have hereunto annexed our hands and seals this the 3d day of December, A. D. 1868.

  [Seal.]      " J. L. SAINSEVAINE,
  [Seal.]      " JOSE C. CARRILLO.
" Witness: JOSEPH HUBER, Jr."

The testimony tended to show that the note in suit was a part of the thirteen thousand dollars mentioned in the instrument, and also a part of the price of the land. It also tended to show that at the time of the conveyance of December 3d, 1868, there were incumbrances to a large amount on the land, consisting of mortgages and liens for taxes, which mortgages had been given by the grantors, and that said Sainsevaine afterward delivered the note to the payee. The note was indorsed by Mrs. Carillo to her husband, and by him in blank to the plaintiffs.

The trial was before a jury, and the defendants asked the Court to instruct the jury that " the word ' deed ' in an instrument is a generic term, and embraces a mortgage or any other instrument under seal." The instruction was refused.

The plaintiffs recovered judgment, and the defendants appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*V. E. Howard & Sepulveda,* for Appellants.

It was error to refuse the instructions asked by the defendants, to the effect that the word " deed " in the warranty included mortgages, as it is a well-settled rule that " deed " embraces any contract or agreement under seal. (1 Bouvier's Inst. 346, Sec. 880 ; *Rex* v. *Fauntleroy,* 2 British Crown Cases, 52, 57 ; Hitt. Dig., Conveyances, Sec. 36 ; 3 Wash. Real Property, 217.)

There was no execution or acknowledgment of the wife, separate and apart from her husband, as required by the statute. (1 Hitt. Dig., Sec. 3568 ; *Selover* v. *American Russian Co.,* 7 Cal. 266; *Tillinghast* v. *Holbrook,* 7 Rhode Island, 230.) Because, under the statute, the husband could not join the wife in a transfer or assignment to himself, and could not, therefore, become the indorser of the note. It is not the method required by the statute, and the husband and wife could not contract at common law. (7 Rhode Island, 230 ; 1 Bright on Husband and Wife, 29 ; 1 Parson's Cont. 286; Story on Bills, Secs. 90, 92.)

*Glassell, Chapman & Smith,* for Respondents.

Under our statute and decisions it is clear that a mortgage is never considered to be a deed conveying an interest in real estate, either before or after condition broken. (Hitt. Dig., Art. 5199 ; *Goodenow* v. *Ewer,* 16 Cal. 467 ; *Dutton* v. *Warschaur,* 21 Cal. 621.)

By the Court, RHODES, J.:

It is admitted by the pleadings, that the promissory note in suit was assigned by the payee to the plaintiffs. That fact not being in issue, no question arises as to whether the assignment was made in such form as to pass the interest of a married woman.

Upon the issue, as to whether the plaintiffs took the note with notice of the facts relating to its delivery to the payee, the evidence was conflicting, and the verdict therefore will not be disturbed on the ground, that on that issue it is contrary to the evidence.

The agreement executed by Sainsevaine and José C. Carrillo to the purchasers of the rancho, acknowledges the receipt of thirteen thousand dollars, gold coin, "for and on account of the sale of the rancho," and does not mention a promissory note; but if it can be construed as referring to the note in suit, because it was proven that the note constituted a portion of the purchase money for the rancho, still the verdict must be sustained. That the term "deed" will in its largest sense include a mortgage there can be no doubt; but it is manifest from the context, that the term was used in that instrument in a more limited sense. The deed referred to, as of even date with the instrument, was executed to the purchasers of the rancho, and is mentioned "as the deed conveying said rancho to said parties;" and a deed against which said purchasers desired to protect themselves, is described as "another deed conveying the interest" of the same grantor in the rancho. A proper construction of the instrument renders it clear that the parties used the term "deed" in both instances, as meaning an instrument in writing which purported to convey the title of Maria Merced Williams de Carrillo to the rancho. It was not shown that another deed of conveyance had been executed by her prior to that which bore even date with that instrument; nor was it shown that the deed, to the purchasers mentioned in that instrument, failed to convey to them the title to the rancho.

Judgment and order affirmed with ten per cent damages.

Neither Mr. Chief Justice WALLACE nor Mr. Justice CROCKETT expressed an opinion.