[No. 10,079.]

## THE PEOPLE *v.* AH WEE.

PROOF OF A CONVERSATION HELD IN TWO LANGUAGES.—A conversation between a person indicted for murder, and his victim, while alive, held partly in Chinese and partly in English, may be proved, that part of it held in English by persons present who understood English only, and that part of it held in Chinese by persons present who understood Chinese, provided that both the accused and his victim understood both languages.

NUMBER OF COUNSEL IN CRIMINAL CASE.—In a capital criminal case, the Court may, in its discretion, allow more than two counsel to address the jury, either on behalf of the people or the defendant.

FAILURE TO ASK AN INSTRUCTION TO THE JURY.—A defendant, in a criminal
case, cannot complain that the Court did not instruct the jury upon a
point in issue, unless he asked an instruction on the point, and it was
refused.

APPEAL from the District Court, Sixth Judicial District,
County of Sacramento.

The defendant was indicted jointly with Ah Wee and Ah
Moy, for having murdered Ah Quong, at the city of Sacra-
mento, on the 1st day of March, 1873.

Ah Quong was shot and also injured with a hatchet, and
was immediately carried into a room. Ah Quong and Ah
Wee were Chinamen. After Ah Quong had been carried
into the room, and when he was at the point of death,
several white persons came into the room, and several
Chinamen, among whom was Ah Wee. Ah Wee and Ah
Quong could speak English. One of the witnesses, a white
man, asked Ah Quong in English who shot him. Ah Quong
answered in English that Ah Wee shot him. This fact was
proved by white men who did not understand Chinese. A
short time after this declaration of Ah Quong, made in the
presence of Ah Wee, Ah Wee spoke in Chinese. A China-
man who was present and understood Chinese well, and a
little of English, was called as a witness, and stated that
Ah Wee said when he spoke in Chinese, "I am not Ah
Wee." The Court permitted the testimony to be given
under the objection of the defendant.

The other facts are stated in the opinion.

*Jo. Hamilton* and *J. C. Goods,* for the Appellant.

*Attorney-General Love* and *S. Solon Holl,* for the People.

By the Court, NILES. J.:

The defendant, having been indicted for the crime of
murder, and convicted of murder in the second degree,
appeals from the judgment and from the order overruling
his motion for a new trial. The bill of exceptions presents
many points, of which we shall consider only those urged by
the counsel for the defendant in their brief.

1. The evidence of the declaration of the deceased, Ah. Quong, made in the presence and hearing of the defendant, and of the defendant's reply, was properly admitted. Both were Chinamen, and both understood the English language. The declaration of the deceased, that Ah Wee shot him, was made in English, and in reply to a question addressed to him in that language, and was testified to by several bystanders. The answer of the defendant that he was "not Ah Wee," was given in Chinese, and was testified to by a Chinaman who understood both languages. It is evident that the admission of this testimony was not liable to the dangers suggested in the case of *People* v. *Gelabert* (39 Cal. 664). In that case the confession of the prisoner was made in a language which the witness did not understand sufficiently to enable him to testify to all that was said, and the part not understood might have explained the apparent contradictions of his declarations as testified to. But here the evidence sufficiently showed that the deceased and the defendant understood each other, and that the declarations of each were correctly and fully stated, although by different witnesses.

2.. At the close of the testimony the Court, against the objection of the defendant, permitted three counsel for the prosecution to address the jury. The defendant had but two counsel, who each addressed the jury. No objection is made to the order of the several arguments, but it is urged that it was error to allow more than two arguments upon the part of the People. Section one thousand and ninety-five of the Penal Code provides that "if the indictment be for an offense punishable with death, two counsel on each side may argue the cause to the jury. If it is for any other offense, the Court may, in its discretion, restrict the argument to one counsel on each side." As we construe this section, its object was to give to both the prosecution and the defense, in a capital case, the right to have the case presented to the jury by at least two counsel ; and to distinguish the case in this respect from the inferior grades of crime in which the argument may, in the discretion of the Court, be restricted to one counsel on each side. But it

was not intended to limit the power of the Court in any criminal case to allow as many counsel as in its discretion should seem proper, to address the jury, whether upon the part of the people or of the defendant.

3. It is claimed that the Court erred in its charge in omitting to instruct the jury in reference to the law of manslaughter. The entire evidence is not before us, and there is nothing in the evidence presented tending to show that such an instruction would have been applicable. Moreover, a specific instruction upon this point should have been asked by the counsel for the defendant, if they deemed it appropriate. (*People* v. *Haun*, 44 Cal. 100.)

4. We do not deem it necessary to review in detail the several instructions asked by the counsel for the defendant and refused by the Court. We discover in none of them any principle of law, correct in itself, and applicable to the case, that is not as well, and usually better, stated in other instructions asked and given.

Judgment and order affirmed.