[S. F. No. 3022.   Department One.—November 30, 1904.]

## C. R. KELLOGG, Appellant, v. R. E. DE B. LOPEZ, Respondent.

ACTION UPON NOTE—DEFENSE—ACCOMMODATION OF MAKER FOR PAYEE —FAILURE OF PROOF—EVIDENCE—ACCOMMODATION FOR CORPORATION. —In an action on a note which was taken up by the payee at a bank to which it was indorsed, and which was assigned by the bank to the plaintiff by the direction and for the use of the payee, a defense by the maker that he signed it for the accommodation of the payee wholly failed of proof, where the evidence showed that the maker, payee, and indorser of the note were stockholders in a corporation, and that the note was made and indorsed for the accommodation of the corporation, and was delivered to the corporation to be discounted for its use, and that the money was received and used by the corporation.

ID.—SURETYSHIP FOR CORPORATION—FORM OF INSTRUMENT DISREGARDED —CONTRIBUTION—RIGHTS AND OBLIGATIONS OF SURETIES INTER SESE. —Upon the facts of the case the form of the instrument may be disregarded, and the parties to the note are to be regarded as mere sureties for the corporation, and as such entitled to contribution from each other, and each surety in reference to the others, disregarding their common relation to the principal debtor, is primarily liable to them for his proportion of the debt, not as a surety, but as principal debtor, and his suretyship for the others applies only to the balance.

ID.—DEFENSE OF WANT OF CONSIDERATION—PROOF ONLY IN PART.—The facts in the case, as to joint suretyship for the corporation, though differing materially from the facts pleaded under the defense of accommodation for the payee, were admissible under the defense of want of consideration, which was proved only in part as respects the suretyship of the defendant in his relations to the payee and indorser as co-sureties, but failed in part as to his own primary liability for one third of the note to the indorsee of the bank for the use of the payee who took up the note.

ID.—ACTION UPON EXPRESS PROMISE OF MAKER OF NOTE—LEGAL CAUSE OF ACTION TO EXTENT OF CONSIDERATION.—The suit brought is not for contribution merely, but is upon the express promise of the defendant, as maker, to pay the note, and there is a legal cause of action in such case to the extent to which there is a consideration for the note.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.   John Hunt, Judge.

CXLV. Cal.—32

The facts are stated in the opinion.

Gavin McNab, for Appellant.

Chapman & Clift, and Martin Stevens, for Respondent.

SMITH, C.—Suit on a promissory note for the sum of fifteen hundred dollars, with interest, etc. The note runs from the defendant Lopez to H. F. Anderson as payee. It was indorsed by the latter to the Bank of British Columbia; and upon payment by Anderson was, by his direction and for his use, assigned by the bank to the plaintiff. The defense set up in the answer is in effect that the note was signed by Lopez for the accommodation of Anderson, and that it was without consideration. The verdict and judgment was for the defendant. The appeal is by the plaintiff from an order denying his motion for a new trial.

The principal question involved in the case is as to the sufficiency of the evidence to justify the verdict; with relation to which the defendant's answer may be regarded as setting up two defenses: The one, that he signed as security for Anderson only (Civ. Code, sec. 2832); the other, that there was no consideration for his promise (Civ. Code, sec. 1550). These defenses are in effect identical, but they rest on different principles, which should be distinguished.

With regard to the former, there was no evidence in the case tending to show that Lopez signed the note for the accommodation of Anderson. But the facts proven by the defendant were, merely: That Anderson and Lopez and one Stackpole were stockholders of the San Mateo Coursing Association, a corporation, and made and indorsed the note for the accommodation of the association; that this was done, in pursuance of an agreement to that effect, made at one time and as part of one transaction; that the note was then delivered to an agent of the association to be discounted for its use, and that the money was received and used by the association. Upon this state of facts it is clear, at least in this state, that in equity—where "the form of the instrument may be . . . disregarded"—the parties to the note are to be regarded as mere sureties of the association, and as such entitled to contribution from each other. (*Reynolds* v. *Wheeler,* 10 Com. B., N. S. 564; *McDonald* v. *Whitfield,* L. R.

8 App. Cas. 744-745; *Machado* v. *Fernandez*, 74 Cal. 362; *Leeke* v. *Hancock*, 76 Cal. 127; Civ. Code, sec. 2822. And see, also, *Deering* v. *The Earl of Winchelsen*, 2 Bos. & P. 271, 273; *Powell* v. *Powell*, 48 Cal. 236; *Norton* v. *Coons*, 3 Denio, 132; s. c. 6 N. Y. 33; 1 Story's Equity Jurisprudence, secs. 492-493; and Civ. Code, sec. 2848.) The case, therefore differs materially from the case pleaded; and the question is thus suggested, whether the facts proven were relevant to the issue presented by the answer. For if not, there was—with regard to the allegation that the note was made for the accommodation of Anderson—a total failure of proof.

The solution of this question will depend upon the nature of the reciprocal rights and obligations of the sureties between each other—disregarding their common relation to the principal debtor. Thus viewed, in such a case as we are considering, each surety is primarily liable for his proportion of the debt, and for the balance, as surety for the others. (Civ. Code, sec. 2831; Bouvier's Law Dictionary, "Suretyship.") As to his own part of the debt, therefore, he is not, as to his fellows, a surety, but a principal debtor. Thus, in the case before us, Lopez, in terms, agreed to pay to Anderson or order the whole of the debt, but in effect his agreement was to pay, unconditionally, his proportion of it and the balance only upon the default of the others; and to the extent of this primary obligation, the note precisely expresses the promise. As to the balance of the amount named in the note, the proofs show that Lopez was surety only for Anderson and Stackpole, and hence, to that extent, the note is invalidated. But as to his principal obligation, the effect of the note is not varied, nor its validity affected. The facts proved were therefore relevant to the issue; and all that can be said is, that the defendant failed to prove his case in part,—that is to say, he proved only that he was surety for Anderson for a third of the debt, and for Stackpole for another third, but as to the remaining third he failed to make out his case.

The same result must also be reached if we consider the defense as a plea of want of consideration. As to two thirds of the note for which Anderson and Stackpole were primarily liable, there was no consideration moving to the defendant, and to that extent his promise was invalid. But as to his own part of the debt, the incurrence of like obligations by

Anderson and Stackpole constituted a ''prejudice suffered, or agreed to be suffered [by them], as an inducement'' for the defendant's promise, and was therefore a sufficient consideration. (Civ. Code, sec. 1605.)

The suit, it may be observed, is not a suit for contribution merely. It is a suit on defendant's express promise to pay, to which the defense interposed has either wholly or partly failed. The case, therefore, differs from the case of contribution between sureties who are such not only upon equitable principles, but by the legal effect of their contract. In the latter case the suit for contribution can be maintained in *assumpsit* on the implied contract by the surety satisfying the obligation; but, it is said, cannot be maintained by him as assignee of the original contract. But in a case like the present, on an express promise to pay, there is always, to the extent there is a consideration, a legal cause of action, which remains unaffected except to the extent that grounds for equitable relief are affirmatively shown by the defendant; and here the defendant has partly, if not wholly, failed to make out such equitable defense.

We advise that the order appealed from be reversed.

Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

                Angellotti, J., Shaw, J., Van Dyke, J.