[S. F. No. 11463. In Bank.—May 17, 1927.]

## GEORGE W. BRUSSEAU, Respondent, v. ALBERT E. HILL, Administrator, etc., Appellant.

[1] DEEDS — CONSTRUCTION — TRANSFER. — Where an instrument executed and delivered by its maker shortly before his death provided as follows: "Oakland, March 1st. This is my gift of deed all is in my possession to Mr. G. W. Brusseau after my deat. Chas. Kruse," the question as to whether or not the instrument is to be held operative or inoperative as a transfer of a present interest in the property is one which cannot be resolved from the face of the instrument itself.

[2] ID.—DEED OF GIFT—PRESENT TRANSFER—WORDS OF CONVEYANCE. The words "gift of deed," used in such instrument, are equivalent to stating that the instrument is a deed of gift; and such words, if they stood alone, would suffice to constitute it, where otherwise sufficient, a transfer of a present interest in the property, as this much would be implied from the use of the term "deed," which in its usual and ordinary signification is understood to mean a written instrument conveying title to real property.

[3] ID.—TIME OF TAKING EFFECT—AMBIGUITY—INTENT.—The use of the expression "after my deat" in such instrument, "deat" concededly meaning "death," created an ambiguity as to whether the earlier expression in the instrument, "gift of deed," was limited by it to a purported transfer to take effect as such after the maker's death, and it was the duty of the trial court to permit such ambiguity to be explained away if possible by proof of the circumstances under which the instrument was made.

[4] ID.—ACTION TO QUIET TITLE—FINDINGS.—In an action to quiet title to certain property claimed by the grantee to have been transferred by said instrument, findings of the trial court based upon sufficient legal evidence favorable to the plaintiff disposed of the contention that plaintiff's claim of title to said property through such conveyance must be held to have been negatived by his abortive attempt to procure the probate of said instrument on the theory that it was testamentary in character, as the trial court must have concluded that this did not estop him from claiming under the instrument as a present transfer of title, and the findings are also conclusive upon the claim of the appel-

2. See 9 Cal. Jur. 94.
3. See 9 Cal. Jur. 387.

lant that the instrument in question was testamentary in character.

[5] ID.—DESCRIPTION—SUFFICIENCY OF.—In such a case, the instrument ·in question contained an adequate description of the property intended to be conveyed where it provided, "This is my gift of deed all is in my possession to ₒMr. G. W. Brusseau," and where the evidence showed that the piece of real estate described in the complaint was the only property which the grantor owned in the City of Oakland, and also fully identified it as the property intended to be covered by the instrument in question.

(1) 18 C. J., p. 147, n. 17, 18, 19, p. 260, n. 40. (2) 18 C. J., p. 217, n. 34. (3) 18 C. J., p. 267, n. 23; 22 C. J., p. 1173, n. 40, p. 1175, n. 44, p. 1186, n. 95. (4) 4 C. J., p. 876, n. 78, p. 877, n. 80. (5) 18 C. J., p. 180, n. 91, 92, p. 181, n. 97, p. 182, n. 15; 22 C. J., p. 1264, n. 22, p. 1270, n. 65.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward R. Eliassen, Walter H. Eliassen and Markeil C. Baer for Appellant.

W. A. Sloane and Paul E. Sloane for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor in an action to quiet title to a tract of land in the city of Oakland. The complaint is in the usual brief form of pleading in such actions. The answer consists in equally brief denials of the plaintiff's ownership and averments to the effect that the title to the premises in question was in Charles Kruse, deceased, at the time of his death, and that the right of possession thereto is in his estate, of which the defendant is the administrator. The findings of fact of the trial court reveal specifically the source and foundation of the plaintiff's title to the property, and upon the basis thereof finds that all of the allegations of the plaintiff's complaint are true and that he is the present owner and entitled to the possession of the premises in dispute. The specific findings of the

5. See 9 Cal. Jur. 306; 8 R. C. L. 1076.

court rest upon uncontradicted evidence as to the transaction and the circumstances surrounding the same, through which the plaintiff acquired whatever rights he asserts in the property. These findings are in substance as follows: That on and before the fourth day of March, 1923, Charles Kruse was the owner and in possession of the premises, specifically describing the same; that on said March 4, 1923, he executed and delivered to the plaintiff, George W. Brusseau, an instrument in writing in words and figures as follows:

"Oakland, March 1st.

"This is my gift of deed all is in my possession to Mr. G. W. Brusseau after my deat.

"CHAS. KRUSE."

That at the same time and accompanying the delivery of said instrument Charles Kruse delivered to the plaintiff the key to the house on said premises theretofore occupied by Charles Kruse as his residence, and declared to the plaintiff, "They are for you," and directed him to take care of said paper and that he "would never need them again." He also stated that he never expected to return from the hospital to which he was then preparing to go, and hence directed plaintiff to take possession and control of said premises, which the latter immediately proceeded to do; that Kruse was then suffering from an illness which proved to be fatal and from which he shortly thereafter died at said hospital; that while an inmate thereof and a day or two before his death he confirmed his previous statements to the plaintiff in conversations, in which he stated that he had transferred his said property and effects to the plaintiff in part at least in payment of a considerable indebtedness which he owed plaintiff for labor and services which the latter had rendered during previous years, and that plaintiff need not worry about his pay as "I have given you all my property for you have been kind to me." The trial court found from the evidence before it that such indebtedness in fact existed and formed of itself a sufficient consideration for such transfer. The court further found that Charles Kruse at the time of the execution and delivery of such instrument was of the age of about sixty-five years; that he had an imperfect knowledge and use of the English language; that he lived alone, was unmarried,

had no family nor any relations in the United States, and that such relations as he had elsewhere he was not on friendly terms with; while on the other hand, the plaintiff had been his friend, companion, and associate for many years and was particularly solicitous for his comfort and welfare during his last illness. As conclusions of law from the foregoing facts the trial court found: "That the written instrument executed and delivered by Chas. Kruse to said plaintiff, G. W. Brusseau, on the 4th day of March, 1923, was written and signed by said Chas. Kruse on the date it bears date, with the intention to give and convey to said G. W. Brusseau, an immediate estate in fee of all his property, subject only to a subsequent contingent life estate in him, the said Chas. Kruse." As a result of the foregoing conclusion the court found the plaintiff to be the owner in fee simple of the property in question, and that neither the estate of Kruse nor the defendant as the administrator of said estate had any interest therein. Judgment was entered accordingly in plaintiff's favor and from such judgment the defendant prosecutes this appeal.

[1] The first point urged by the appellant is that the instrument upon which the plaintiff relies as the foundation of his claim of ownership of the premises in question shows upon its face that it is not a deed for the reason that it lacks certain elements required by law to constitute it a deed. These are: "(a) It was not a transfer of a present interest in property; (b) It contains no operative words of conveyance; (c) It contains no description of the property intended to be affected thereby." The question as to whether or not the instrument under review is to be held operative or inoperative as a transfer of a present interest in property is one which, in our opinion, cannot be resolved from the face of the instrument itself. [2] It states upon its face that it is a "gift of deed," which is to our minds the equivalent of stating that it is "a deed of gift." Such words, if they stood alone in such an instrument, would suffice to constitute it, if otherwise sufficient, a transfer of a present interest in property. This much would be implied from the use of the term "deed," which in its usual and ordinary signification is understood to mean a written instrument conveying title to real property. (*Hellman* v. *Howard*, 44 Cal. 100; 9 Cal. Jur.,

p. 94, sec. 2.)     [3]    The ambiguity in the instrument in question does not arise from the use of the foregoing phrase, which in itself would be sufficiently certain as to its intent, but rather out of the use of the expression "after my deat" in the same instrument.   The word "deat" as used therein is conceded to mean "death" by the parties hereto, and the question which the use of the phrase in which it occurs presents is as to what the maker of the instrument intended it to mean; that is to say, whether the instrument wherein the earlier expression "gift of deed" occurs was to be by said later expression limited to a purported transfer to take effect as such after the maker's death,. in which case it would amount to no more than an attempted but abortive testamentary disposition of his properties, or whether the instrument, when considered as a whole, was to import a present transfer of title to the property affected thereby, the possession of which by the grantee was to await the death of the grantor.   We are of the opinion that the instrument is ambiguous in the foregoing regard, and that being so it was the function and duty of the trial court to permit such ambiguity to be explained away if possible by proof of the circumstances under which the instrument was made.   (Civ. Code, sec. 1647; Code Civ. Proc., sec. 1860.)   The trial court was therefore not in error in the admission of that particular portion of the evidence in the case upon which its specific findings above referred to were predicated.   The reporter's transcript herein discloses that the objections of the defendant to the admission of such evidence went to its general admissibility based upon his theory that the instrument in question was unambiguous and could not therefore be aided as to its interpretation thereby; but that no objections were made to any specific portions of such evidence upon any other ground and no claim of error is now urged to the admission of such evidence in detail if the same was admissible at all under the aforesaid general objection.   We therefore conclude that the findings of the trial court were supported by the evidence properly admissible upon the trial of the case, and that they in turn support the judgment in so far as it decided therein that the maker of the instrument in question intended to convey and did convey a present title to whatever of his properties the conveyance shall be

found adequate to transfer. [4] This disposes of certain other of the appellant's contentions, such as, for example, his contention that the plaintiff's claim of title to said property through such conveyance must be held to have been negatived by his abortive attempt to procure the probate of said instrument on the theory that it was testamentary in character. The trial court, with such evidence before it, must have concluded that the plaintiff's effort in that direction did not operate to estop him from claiming under the instrument as a present transfer of title. The findings of the trial court are conclusive upon that phase of the case. They are also conclusive upon the claim of the appellant that the instrument in question was testamentary in character.

[5] The only remaining contention of the appellant is that the instrument under review is void for the reason that it contains no adequate description of the property intended to be affected thereby. The language of the instrument in that regard is: "This is my gift of deed all is in my possession to Mr. G. W. Brusseau." According to the modern current of authority both in this and other jurisdictions, descriptions of property similar in general terms to that embraced in the foregoing language of the instrument under review have been held susceptible of identification by extraneous evidence, and when so identified sufficient to uphold the attempted transfer. In the case of *Lick* v. *O'Donnell*, 3 Cal. 59 [58 Am. Dec. 383], a conveyance of "one-half of my lot" was upheld upon proof that the grantor owned but one lot in San Francisco, and the instrument was held to convey title to an undivided one-half of such lot. In the case of *Pettigrew* v. *Dobbelaar*, 63 Cal. 396, the description was "all land [of grantor] wherever the same may be situated" and the instrument, though executed in Illinois, was held to cover and convey land owned by the grantor in California. In the case of *Staples* v. *May*, 3 Cal. Unrep. 250 [23 Pac. 710] the description was "all lands and personal property . . . belonging to said party . . . in Santa Clara county," and it was held that extraneous proof might be offered to locate the lands conveyed within said county. In 9 Cal. Jur., page 306, these and certain other cases are reviewed as upholding the view that "descriptions of land, general

in character, such as 'all land and real estate' of the grantor 'wherever the same may be situated,' or 'the land owned by the grantor' in a certain county, or all the grantor's 'right, title and interest' in a certain city, etc., are good and pass the grantor's interest in all his real property coming within the description.'' In Ruling Case Law, volume 8, page 1076, the rule is thus stated: ''Usually general descriptions, such as 'all the estate both real and personal of the grantor,' 'all my land' in a certain town, county or state, 'and my land wherever situated,' 'all my right, title and interest in and to my father's estate at law,' and the like, are held good. And a deed is not void merely because it conveys all one's property in general terms.'' The evidence in the instant case fully showed that the piece of real estate described in the complaint herein was the only property which Charles Kruse owned in the city of Oakland, and also fully identified it as the property intended to be covered by the instrument in question. We are therefore of the opinion that said instrument was thus shown to be sufficient in the matter of description to convey to the plaintiff title to the said property.

No other questions being presented for our consideration upon this appeal, the judgment is affirmed.

Curtis, J., Langdon, J., Preston, J., Waste, C. J., and Seawell, J., concurred.