[No. 29175. Department Two. January 25, 1944.]

SIBYL MARCH LAUGHLIN, *Respondent*, v. F. M. MARCH, as *Executor, Appellant.*[1]

[1]Reported in 145 P. (2d) 549.

*O. C. Moore* and *H. T. Davenport,* for appellant.

*Witherspoon, Witherspoon & Kelley,* for respondent.

BLAKE, J.—Plaintiff brought this action to impress a trust, to the extent of a one-half interest, upon the following described real estate, title to which was held by defendant's testator, George K. March, at the time of, and for many years prior, to his death:

The Northeast quarter of Section 8, Township 15 South, Range 2 West S. B. M., San Diego County, State of California.

The plaintiff's cause of action is founded on the following instrument:

"Spokane, Washington,
"November 1, 1929.

"To WHOM IT MAY CONCERN:

"I wish to make the following statement so that in case of my death these facts will be known, to-wit:

"That my daughter Sibyl March Laughlin and myself are the equal and joint owners of two quarter sections of land 15 miles north of San Diego, California.

"We are, also, equal and joint owners of a three quarter interest in a 567 acre ranch, ten miles south of Eugene, Oregon.

"I have paid and I am still paying the taxes on both of these parcels of land, and I wish to acknowledge that this doesn't in any way effect the share of this land belonging to my daughter, Sibyl March Laughlin. It is understood that when these lands are sold that the only claim that I may have for more than equal share, is the amount of money which I have paid in taxes. It is further understood that any revenues which I have received from either of these parcels of land is to be applied and deducted from said taxes, and if the revenues so derived from either of these parcels of land is more than the taxes, then in that case, my daughter, Sibyl March Laughlin, is to receive a one-half share of said revenue.

"In witness whereof, I have hereunto set my hand and seal this First Day of November, 1929.

"GEO. K. MARCH

"STATE OF WASHINGTON ⎱ ss.
"County of Spokane ⎰

"I, George K. March, being first duly sworn on oath, depose and say: That the above statement of facts has been signed by me as my own free and voluntary act and deed; that I have read same, and the information therein contained is true, and is in accordance with my wishes and desires [deleted words initialed by 'G. K. M. and R. L. S.'].

"GEO. K. MARCH

"Subscribed and sworn to before me this 1st day of November, 1929.

"R. L. STRICKLE

[Notarial Seal of           "Notary Public in and
R. L. Strickle               for the State of Wash-
Commission Expires           ington, Residing at
May 16, 1933.]               Spokane, Washington."

To this declaration was attached, by clip, a separate sheet of paper containing a description of the quarter section in controversy. (It contained also the description of a contiguous quarter which is not involved in this action.)

Apparently recognizing that the attached sheet of paper was of doubtful efficacy as an aid in lending certainty to the declaration, plaintiff offered evidence to the effect that the two quarter sections described constituted the entire and only real estate holdings of George K. March in San Diego county at the time the declaration was made. Plaintiff was also permitted to prove that the property was located some ten to fifteen miles north of San Diego.

At the time this action was instituted, the property was the subject of eminent domain proceedings by the United States. The parties stipulated that the ancillary administrator in California should deposit the proceeds of the condemnation award with the clerk of the superior court of Spokane county "pending the final decision in [this] action." The trial court entered judgment awarding plaintiff one half of such proceeds. Defendant appeals.

The question for determination is whether the

subject matter of the alleged trust is described with reasonable certainty in the declaration. The sheet of paper containing the description of the property is not referred to in the declaration; consequently, the certainty of the declaration is not enhanced by it. *Glant v. Lloyd's Register of Shipping,* 141 Wash. 253, 251 Pac. 274, 252 Pac. 943. In that case, it was said, p. 262:

"We consider it determined in this state that statements on other parts of the writings, not in terms made a part of the writing itself, are not terms of the contract."

■ Without benefit of the description contained in the sheet of paper attached to the declaration, the respondent was under the necessity of resorting to parol evidence to identify the subject matter of the trust. An express trust in land, of course, cannot be established by parol in this jurisdiction. *Arnold v. Hall,* 72 Wash. 50, 129 Pac. 914; *Farrell v. Mentzer,* 102 Wash. 629, 174 Pac. 482; *In re Swartwood and Welsher Estates,* 198 Wash. 557, 89 P. (2d) 203.

■ The inhibition against parol evidence extends to the identity of the property. It must be described with reasonable certainty in the instrument or instruments which are claimed to create the trust. We have gone so far as to hold in effect that the property must be identified with as much certainty as is required in a deed of conveyance. *Pacheco v. Mello,* 139 Wash. 566, 247 Pac. 927. See *Barth v. Barth, ante* p. 543, 143 P. (2d) 542.

■ In the light of the decision in the *Pacheco* case, the declaration before us is clearly insufficient to establish a trust in the property described in the complaint; indeed, we do not understand respondent seriously contends otherwise, for she contends that the instrument must be interpreted and construed in accordance with the law of California. In other words, the validity of a trust of an interest in land is to be determined by the law of the state where the land is situated. Restatement of the Law—Conflict of Laws, p. 326, § 241. Recognizing this, appellant entered into a stipulation with respondent to the effect that, in so far as material, the law of California "may be proved . . . by the decisions

of the Supreme Court and the Court of Appeal" of that state.

The substance of respondent's contention is that, under the law of California, resort may be had to parol evidence to identify land which is not described with reasonable certainty in a purported declaration of trust. The only case respondent has cited in support of the proposition is *Brusseau v. Hill*, 201 Cal. 225, 256 Pac. 419, 55 A. L. R. 157.

In our opinion; the decision is in no way concerned with the sufficiency or validity of a declaration of trust. It involves the sufficiency of a writing to effectuate, in connection with extraneous facts, a gift *in praesenti* of land which was not specifically described. That the decision does not purport to lay down any rule with respect to the sufficiency and validity of trust agreements, we think is manifest from an examination of the law of California upon the subject.

■ Section 2215 of the Civil Code of California (Deering, 1941) classifies trusts as (1) voluntary or (2) involuntary. Section 2221 provides:

"Subject to the provisions of section *eight hundred and fifty-two,* a voluntary trust is created, as to the trustor and beneficiary, by any words or acts of the trustor, *indicating with reasonable certainty:*
"1. An intention on the part of the trustor to create a trust, and,
"2. The *subject,* purpose and beneficiary of the trust. [Enacted 1872.]" (Italics ours.)

Section 852 provides:

"No trust in relation to real property is valid unless created or declared:
"1. By a written instrument, subscribed by the trustee, or by his agent thereto authorized by writing;
"2. By the instrument under which the trustee claims the estate affected; or,
"3. By operation of law. [Enacted 1872.]"

The substance of the decisions of the courts of the state in construing these provisions, is epitomized in *Dingwell v. Seymour,* 91 Cal. App. 483, 267 Pac. 327, p. 508:

"The five essential elements of every valid, voluntary trust are: (1) The intention to create the trust, (2) the subject matter of the trust, (3) the purpose of the trust, (4) the beneficiary of the trust and (5) the acceptance of the trust by the trustee. *The deed or instrument containing the trust must indicate with reasonable certainty each and every one of these essential elements.*" (Italics ours.)

In the decisions, it has repeatedly been stated that an express trust must be " 'reasonably certain in its material terms; and this requisite of certainty includes the *subject-matter or property embraced* within the trust, . . .' " (Italics ours.) *Lefrooth v. Prentice,* 202 Cal. 215, 227, 259 Pac. 947. And, again, " 'In order for trusts to exist there must be an estate to vest in the trustee, and the property must be clearly and definitely pointed out.' " *In re Lamb,* 61 Cal. App. 321, 328, 215 Pac. 109; *Balian v. Balian's Market,* 48 Cal. App. (2d) 150, 119 P. (2d) 426.

We think these decisions carry the plain implication that a trust in realty must fail if it is necessary to resort to parol evidence to identify the land. In any event, that is the law in this state; and, in the absence of pleading to the contrary, the law of that state is presumed to be identical with the law of this. *Sheppard v. Coeur d'Alene Lbr. Co.,* 62 Wash. 12, 112 Pac. 932, 44 L. R. A. (N. S.) 267. By the citation of *Brusseau v. Hill, supra,* respondent has not sustained the burden of proving that the law of California on the subject differs from the law of this state.

The judgment is reversed and the cause remanded, with direction to dismiss.

SIMPSON, C. J., MILLARD, ROBINSON, and MALLERY, JJ., concur.