Filed 7/9/25  Placer County Water Agency v. Smurro CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| PLACER COUNTY WATER AGENCY, | |
| Plaintiff and Respondent, | C100543 |
| v. | (Super. Ct. No. S-CV-0048626) |
| NICHOLAS SMURRO et al., | |
| Defendants and Appellants. | |

The Ben Franklin Canal carries water from the Antelope Canal in north Placer County through the community of Penryn to the Ben Franklin Reservoir.  The northern portion of the Ben Franklin Canal is an underground pipeline and the southern portion is an open aqueduct.  The underground pipeline and open aqueduct connect at property in Penryn owned by Nicholas Smurro and Nancy Frisco (defendants).  We will refer to that property as the Smurro property.  The Smurro property was part of a larger parcel owned by Nellie Hall.

The owner of the Ben Franklin Canal, Placer County Water Agency (Agency), sought to relocate the portion of the pipeline on defendants' property to another part

1

of the property, claiming it had the right to do so under an easement. When defendants refused to allow the relocation, the Agency sued them and moved for summary adjudication based on the easement. The trial court struck defendants' supplemental opposition and granted summary adjudication in favor of the Agency on its causes of action for interference with easement, declaratory relief, and quiet title.

Defendants now contend (1) the Agency did not sustain its burden on summary adjudication, and (2) the trial court abused its discretion in refusing to consider their supplemental opposition.

Finding no merit in defendants' contentions, we will affirm the judgment.

BACKGROUND

As alleged in the Agency's complaint, it owns the Ben Franklin Canal and wants to replace and relocate the canal's underground pipeline on the Smurro property. The complaint alleges that a June 23, 1937 grant of easement from Nellie Hall to the Agency's predecessor in interest PG&E (the Hall-PG&E easement) gives the Agency the right to relocate the pipeline on the Smurro property. Defendants deny that the Agency may relocate the pipeline.

The Agency filed a motion for summary adjudication, submitting evidence that on June 23, 1937, Nellie Dot Hall granted PG&E and its successors and assigns, in the Hall-PG&E easement,

> "the right (a) to maintain, and use, for conveying water, that certain aqueduct commonly known as the Ben Franklin Canal where the same traverses [the real property owned by Nellie Dot Hall], (b) to select a new location on said premises for said aqueduct or portions thereof in lieu of the existing location of the same, and, when and as often as it may elect, to reconstruct, and/or change the type, and/or dimensions, of said aqueduct, either in its present location or in such new location, and (c) of ingress to and egress from said aqueduct across said premises by means of existing roads and lanes thereon if there be no such roads or lanes, then by such practicable route or routes as shall occasion the lease inconvenience to [Nellie Dot Hall]."

2

According to additional evidence submitted with the Agency's motion, on July 3, 1937, Penryn Fruit Company granted the Ben Franklin Canal to PG&E, and also conveyed

> "(b) the right to maintain, use and from time to time reconstruct and/or change the type and/or dimensions of said aqueduct, or either of them or any portions thereof, in their present location in said premises of Penryn[,] (c) the right to use and maintain as spillways for discharging any and all water from said aqueducts and reservoir those two certain natural water courses, one of which extends southerly across the south half of the northeast quarter of said Section 33 and the other of which extends southerly across those certain lands situate in said Section 34 described, and designated Lardner Orchard, in the deed recorded in Book 318 of Official Records of said Placer County at page 119, and (d) the right of ingress to and egress from said aqueducts and water courses across said premises by means of existing roads and lanes thereon if such there be, and if there be no such roads or lanes, by such practicable route or routes across said premises as shall occasion the least inconvenience to Penryn [Fruit Company]."

We will refer to that document as the Penryn Fruit Company-PG&E grant. The description of the real property in the Penryn Fruit Company-PG&E grant differed from the description of the real property in the Hall-PG&E easement.

In 1967, the Agency purchased PG&E's water system in Placer County. PG&E quitclaimed to the Agency all of PG&E's rights of way, easements, and permits for the canals and pipelines of the Ben Franklin Canal.

There is no dispute that the Smurro property was at one time owned by Hall.

Defendants filed an opposition to the summary adjudication motion, arguing, among other things, that the Hall-PG&E easement could not grant a right to relocate the canal because at the time of the easement, Hall did not own the canal. The opposition further argued that the Penryn Fruit Company-PG&E grant denied PG&E the right to relocate the pipeline.

Three days before the hearing, defendants also filed a supplemental opposition, presenting a March 31, 1937 document showing that Nellie Hall had sold all of her rights to the Ben Franklin Canal to Penryn Fruit Company before she executed the Hall-PG&E

easement.  Defendants represented that the March 31, 1937 document had been buried in an improperly served Agency document production, and defendants did not find it until after they filed their opposition.

The Agency filed a motion to strike the supplemental opposition, and further argued that the March 31, 1937 document did not create a triable issue of material fact.

The trial court continued the hearing and subsequently granted the Agency's request to strike defendants' supplemental opposition and also granted the Agency's motion for summary adjudication as to, as pertinent here, its causes of action for interference with easement, declaratory relief, and quiet title.  The trial court ruled that the Agency met its initial burden on summary adjudication by submitting evidence of the Hall-PG&E easement and evidence that the Agency purchased the Placer County water system from PG&E in 1967, including the Ben Franklin Canal and the Hall-PG&E easement; that defendants purchased a subdivided portion of the Hall property subject to the Hall-PG&E easement; and that defendants have refused to allow the Agency to exercise its rights under the Hall-PG&E easement.  The trial court said the burden shifted to defendants to establish a triable issue of material fact and defendants did not meet their burden.

DISCUSSION

I

Defendants contend the Agency did not sustain its burden on summary adjudication.

A plaintiff may move for summary adjudication as to one or more causes of action if the plaintiff contends there is no affirmative defense to those causes of action.  (Code Civ. Proc., § 437c, subd. (f)(1).)  The plaintiff meets its burden of showing there is no defense to a cause of action if it proves each element of the cause of action entitling the plaintiff to judgment on the cause of action.  (*Id.* at subd. (p)(1).)  Once the plaintiff makes such showing, the burden shifts to the defendant to show that a triable issue of

4

material fact exists as to the cause of action or a defense thereto. (*Ibid*.) The defendant must set forth the specific facts showing that a triable issue of material fact exists. (*Ibid*.) The trial court must grant the plaintiff's motion if all the papers submitted show that there is no triable issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)

Grants of interests in property are subject to the rules of interpretation applicable to contracts in general. (Civ. Code, §§ 1040, 1066; *Willard v. First Church of Christ, Scientist* (1972) 7 Cal.3d 473, 476; *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 521.) The primary object in interpreting a contract is to ascertain and carry out the intention of the parties. (Civ. Code, § 1636; *City of Manhattan Beach v. Superior Court* (1996) 13 Cal.4th 232, 238, 243; *Southern California Edison Co. v. Severns* (2019) 39 Cal.App.5th 815, 822 (*Southern California Edison Co.*).) Such intent is to be ascertained from the writing alone, if possible. (Civ. Code, §§ 806, 1639; *Schmidt v. Bank of America, N.A.* (2014) 223 Cal.App.4th 1489, 1499 (*Schmidt*); see Civ. Code, § 1638.) Accordingly, we carefully examine the language in the conveyance. (*City of Manhattan Beach,* at p. 235.)

" 'The interpretation of a written instrument, even though it involves what might properly be called questions of fact [citation], is essentially a judicial function . . . .' " (*Schmidt, supra*, 223 Cal.App.4th at pp. 1499-1500.) We engage in de novo review of orders granting summary adjudication and issues of contract interpretation that do not involve conflicting extrinsic evidence. (*Southern California Edison Co., supra*, 39 Cal.App.5th at p. 822; *Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545, 556.)

The causes of action for interference with easement, declaratory relief, and quiet title were based on allegations that the Agency had a right under an easement to relocate and reconstruct the Ben Franklin Canal pipeline on the Smurro property. The Agency presented evidence that pursuant to the Hall-PG&E easement, on June 23, 1937, Nellie Dot Hall granted PG&E the right to reconstruct and relocate the canal on her property.

The Hall-PG&E easement granted a nonpossessory right to enter and use land in another's possession that is less than the right of ownership. (See *Romero v. Shih* (2024) 15 Cal.5th 680, 692, 695; *Pasadena v. California-Michigan Land & Water Co.* (1941) 17 Cal.2d 576, 579 ["the right to lay underground pipes over the land of another is an easement"]; *Schmidt, supra*, 223 Cal.App.4th at p. 1499; *Main Street Plaza v. Cartwright & Main, LLC* (2011) 194 Cal.App.4th 1044, 1053-1054.) In pertinent part, the Hall-PG&E easement gave PG&E the right "to select a new location on [Hall's property for the Ben Franklin Canal] or portions thereof in lieu of the existing location of the same, and . . . to reconstruct . . . said aqueduct, either in its present location or in such new location."

Defendants argue that the Hall-PG&E easement could not grant PG&E a right to move the Ben Franklin Canal on Hall's property because at the time of the easement, Hall did not own the canal. But there is no dispute Hall owned the relevant land surrounding the canal, property that became the Smurro property, and she granted PG&E the right to use her land to relocate the canal. Shortly thereafter, PG&E acquired ownership of the canal itself from the Penryn Fruit Company. Although the Penryn Fruit Company-PG&E grant did not mention relocation of the canal within the property conveyed by that grant (i.e., within the canal), Hall had nevertheless granted permission to use *her* property -- the relevant property surrounding the canal that she had not conveyed to the Penryn Fruit Company[1] -- for relocation of the canal. Thus, the evidence establishes that by early

---

[1] Defendants' supplemental opposition sought to establish that on March 31, 1937, Nellie and Ward Hall granted all of their title to ditch and pipeline to the Penryn Fruit Company. The proffered document was a grant deed, a written instrument conveying title to real property. (Civ. Code, § 1053; *Brusseau v. Hill* (1927) 201 Cal. 225, 228.) The deed did not identify the conveyed interest as the Ben Franklin Canal, but the description of the ditch and pipeline was similar to the description in the subsequent Penryn Fruit Company-PG&E grant. As we explain in part I, even if the March 31, 1937 deed were to be considered, it would not change the result.

6

July of 1937, long before the current proceeding, PG&E had acquired the rights it needed to move the canal it owned to another part of Hall's property, and it subsequently transferred those rights to the Agency.

## II

Defendants further contend the trial court abused its discretion in refusing to consider their supplemental opposition.

At the time of the Agency's summary adjudication motion, an opposition to the motion was required to be filed at least 14 days before the hearing, unless the trial court for good cause ordered otherwise. (Stats. 2016, ch. 86, § 22 [Code Civ. Proc., former § 437c, subd. (b)(2)].) A trial court has broad discretion under California Rules of Court, rule 3.1300(d) to disregard an opposition filed beyond the statutory deadline without prior court approval. (*Mackey v. Trustees of California State University* (2019) 31 Cal.App.5th 640, 657 (*Mackey*); *Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765 (*Bozzi*).)

Here, three days before the hearing, defendants filed a supplemental opposition and supplemental declaration without prior court approval, asserting an argument that had not been included in its original opposition. Code of Civil Procedure former section 437c did not provide for the filing of a supplemental opposition. (Stats. 2016, ch. 86, § 22.)

Defendants' supplemental opposition was based primarily on the March 31, 1937 deed from Nellie and Ward Hall, conveying to the Penryn Fruit Company their interest in the ditch and pipeline. Defendants claim they did not discover the document until days before the summary adjudication hearing, but even if that were true, they did not ask the trial court for permission to file their supplemental opposition. Defendants advance various theories as to why they could not have asked the trial court for assistance, or should not have been required to do so. However, none of the theories establish trial court abuse of discretion. (*Mackey, supra*, 31 Cal.App.5th at p. 657; *Bozzi, supra*, 186 Cal.App.4th at pp. 765-766; see *G.E. Hetrick & Associates, Inc. v. Summit*

*Construction & Maintenance Co.* (1992) 11 Cal.App.4th 318, 325 & fn. 4.)  And in any event, as we explained in part I, even if the supplemental opposition had been considered, it would not have changed the result.

DISPOSITION

The judgment is affirmed.


                                    _____/S/_____
                                    MAURO, J.



We concur:


_____/S/_____
EARL, P. J.


_____/S/_____
HULL, J.