Phillips, &c., v. Thomas Lumber Company.

CASE 77—PETITION EQUITY—JUNE 2.

# Phillips, &c., v. Thomas Lumber Company.

94   445
e119   43

### APPEAL FROM PIKE CIRCUIT COURT.

WHETHER A WRITING IS A DEED OR A WILL DEPENDS UPON THE INTEN-TION OF THE MAKER as gathered from the whole instrument.

A writing by which the maker recites that a specific boundary of land "is deeded" to his wife for life and at her death to go to his grandson, further reciting that "this deed is not to take effect" until his death, and that he is "to have and keep full possession of said farm during his life," is to be regarded as a deed taking effect at once, and reserving to the grantor merely a life estate; and the deed having been recorded, one to whom the grantor subsequently sold and conveyed all the valuable timber standing on the land, is not entitled to enter for the purpose of taking the timber, the grantor being dead.

R. T. BURNS AND STEWART & STEWART FOR APPELLANTS.

The writing upon which appellant relies is a deed and not a will. The intention of the grantor as gathered from the whole instrument must control. (Henderson v. Mack, 82 Ky., 379; Bodine's Adm'r v. Arthur, &c., 91 Ky., 53; Reynolds v. McFarland, 10 Ky. Law Rep., 932; Owings v. Hill, 9 Ky. Law Rep., 468; Bench, et al. v. Nicks, et al., 50 Ark., 367; White v. Hopkins, 79 Ga., 430.)

L. T. MOORE AND JOHN F. HAGER FOR APPELLEES.

The instrument under consideration does not take effect until the death of the maker, and is, therefore, testamentary in its character, and for that reason revocable. (Leaver v. Gauss, 62 Iowa, 214; Babb v. Harrison, 9 Rich. Eq., 111; s. c, 70 Am. Dec., 203; Turner v. Scott, 51 Pa. St, 126; Devlin on Deeds, sec. 309; Johnson v. Yancey, 20 Ga., 707; s. c., 65 Am. Dec., 646; Simon v. Wildt, 84 Ky., 157; Habersham v. Vincent, 2 Ves. Jr., 204.)

Subsequent acts and conduct respecting the land are entitled to great weight as showing the interpretation put upon the instrument by the maker. (Livingston v. Ten Broeck, 16 John., 23.)

2. The petition of appellant is not sufficient in that it fails to specifically charge that the purchase by appellee was with actual notice of the previous alienation of the land by Jesse Phillips to appellant. Actual notice is a vital requirement in every case where a volunteer seeks to recover against the subsequent deed of his grantor to a purchaser for value. (Enders v. Williams, 1 Met., 353; Winter, &c., v. Mannen, &c, 81 Ky., 123; 1 Duv., 62; 84 Ky., 2; 2 Duv., 167; 2 Met., 230; Story's Eq. Pleadings, sec. 263.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Jesse Phillips, in consideration of the kind treatment of his wife Vicey, and the love and affection he had for his grandson John Phillips, as he expresses it, granted and conveyed to them his lands upon which he lived, describing them by a specific boundary, in the following manner: "This land is deeded to Vicey E. Phillips during her life, and she is to live on and have control until her death, and at the time of her death it is to go to and belong to John Phillips, son of William Phillips, deceased, and his heirs forever. This deed is not to take effect until the death of Jesse Phillips, and Jesse Phillips is to have and keep full possession of said farm during his life, and to have all proceeds of said farm until his death; and if said John should get in debt, or any thing that would sell the land, then at the time of sale it is to go to his children," &c.

The deed was lodged for record and recorded in the county of the grantor's residence, and where the land is located, and the grantor lived upon it until his death, that occurred not long before this action was instituted.

After this conveyance to his wife and grandson, the grantor sold and conveyed to the appellee, the Thomas Lumber Company, all the valuable timber standing upon this land, the consideration paid being some twenty-three hundred dollars. This deed was also admitted to record.

After the death of the grantor the appellee claimed the right to use and occupy this land for the purpose of getting the timber from it, and asserting its right

to the timber by reason of this conveyance made subsequent to that made to the appellant.

The appellant filed this petition claiming the land under the conveyance from his grandfather, and sought to prevent the appellee Lumber Company from entering upon the land to cut this timber or removing it from the premises, alleging that its deed was a cloud upon his title, and that the timber gave to the land its principal value; that the appellee had obtained the deed by fraud from his grandfather, and the evidences of his (appellant's) rights were of record, and known by the defendant. A demurrer was sustained to the petition and the petition dismissed.

It is insisted by counsel for the appellant that no estate of any kind was created by Jesse Phillips before his death, and that his right to dispose of either the timber or land so as to pass the fee never having been parted with, the conveyance to the appellee gave it a full and perfect right to the timber. This contention of counsel is based upon the provision in the deed to his wife and grandson, which says: *"This deed is not to take effect until the death of Jesse Phillips,"* and the sale of the timber having been made before that deed took effect, the title to the purchaser is complete.

The case from 62 Iowa, 314, of Leaver v. Gauss, used the language: "To commence after the death of the grantors, it being understood between the grantors and the grantee that the grantee shall have no interest in the premises as long as the grantors, or either of them, shall live;" and it was held that the provision in that instrument was testamentary in its character,

and revocable at any time by the grantor. Other cases have been cited, and proceed on the idea that a postponement of the enjoyment of the estate by the grantor leads to the conclusion that the gift or grant is testamentary and revocable, unless it plainly appears that a future interest was presently given and irrevocable. (Babb v. Harrison, 9 Richardson Equity, 111, 70 Am. Dec., 203 ; Turner v. Scott, 51 Pa. State, 126.)

It may be said that where no interest is vested or contingent in the grantee until the death of the maker, and no intent to pass title, the doctrine contended for must prevail. The language used must fix the interest of the grantee and determine whether the instrument is a deed or merely testamentary in its character.

The fundamental rule in the construction of both wills and deeds, is to give effect to the intention of the party executing the instrument, and this is to be arrived at by the language used as found in the entire writing.

It is manifest to us, after reading carefully the conveyance to the wife and grandson, that the grantor's intent was to retain possession and control of the land, in so far as the right to its cultivation and its products was concerned, during his life, and after his death to his wife for life and then to his grandson. He conveyed the estate to his wife for life, and then to John, but the draftsman seeing that this would deprive the grantor of all interest, provided that the deed was not to take effect until his, the grantor's, death, *and Jesse Phillips is to have full possession*

*of said farm during his life, and to have all proceeds of said farm until his death.* The plain meaning and intention of the testator was to give, and he did give, after his death, a life estate to his wife with remainder over to John. It was a vested remainder in John from the moment the deed was executed and recorded or delivered to him, and while the grant is expressed in awkward terms, it is in no manner ambiguous, but a plain conveyance to his wife for her life, after his death, and then to John. It is like any other estate in remainder where the title vests at the execution and delivery of the deed, but the enjoyment of the estate is postponed until the preceding particular estate is ended. The grantor, by using the language, "this deed not to take effect until my death," meant only that neither John nor his wife was to have the control of his farm or the proceeds until I die; nor is this only an inference from the words used, but the grantor so states in plain and unmistakable language. He made no reservation of the right to sell the land before he died, but retained, as a life tenant, the power to control and manage it, and use its products as he pleased, postponing the time of occupancy by his wife or John until his death. The grantor, by the grant, divested himself of all title save his life estate. (Reynolds v. McFarland, 10 Ky. Law Reporter, 932.)

It is further urged that as this deed was only for a good consideration—that of love and affection—and the appellee had paid full value for the timber, it should be allowed to hold it, unless there was actual notice of the grantor's deed to the appellant, and the fail-

ure to make such an averment rendered the petition defective if the main ground relied on is held to be insufficient. We think the petition, from which we have already quoted, presents a cause of action, and the allegations must be, in some manner, controverted, else the appellant is entitled to recover.

The judgment sustaining the demurrer is reversed, and the cause remanded for proceedings consistent with this opinion.