CASE 7—ACTION BY JOHN HUNT AGAINST F. M. HUNT FOR CONSTRUCTION
OF A DEED.—NOVEMBER 16.

# Hunt v. Hunt.

119
d137

39
81

APPEAL FROM PIKE CIRCUIT COURT—A. J. KIRK, CIRCUIT JUDGE.

FROM A JUDGMENT DISMISSING, PLAINTIFF'S PETITION, HE APPEALS —
AFFIRMED.

DEEDS—CONSTRUCTION—ESTATE CREATED—TIME OF VESTING.

1. The court will, if possible, so construe a deed as to give it effect,
and in arriving at the intent of the maker, all its parts must be
considered, and any doubts must be resolved against the
grantor.

2. An instrument reciting "that the said parties of the first part for
and in consideration of the sum of love and affection, this deed
is not to take effect until the death of the said parties of the
first part, do hereby sell and convey to the party of the second
part, his heirs and assigns, the following described property."
authenticated as a deed, and not as a will, so that, to be effec-
tual at all, it must be as a deed, is to be construed as convey-
ing to the grantee a present estate, vesting at the time of its de-
livery, and taking effect in possession at the death of the grantors.

F. W. STOWERS & ROSCOE VANEVER, FOR APPELLANT.
(No brief in the record for appellant.)

C. C. YORK & J. M. YORK, FOR APPELLEE.

1. This is a case where a father made a deed to his son, re-
serving to himself a life estate, and now since a second marriage
desires to have the deed construed to be a will.

2. We would not contend that parole evidence would be com-
petent between appellee and the grantor's heirs or devisees, but
we do insist it is competent in a suit between the grantor and
grantee.

OPINION OF THE COURT BY JUDGE HOBSON,—AFFIRMING.

On October 11, 1901, John Hunt and wife, S. E. Hunt,
signed and acknowledged a deed to their son, F. M. Hunt, for
their home place, on which they resided. The deed was duly

recorded, and after this the mother, S. E. Hunt, died, and the father married a second time. The son and his family then moved out of the home place to a tract of land which the son had bought, and the father and his second wife remained on the home place. The father was selling the timber off the place, and the son set up claim to the timber. The father then brought this suit, alleging that the deed made on October 11, 1901, was testamentary in character, passing no present interest in the property to F. M. Hunt, and praying that it be adjudged a will, and that he be quieted in his title to the property. On final hearing the court dismissed the petition, and the father appeals.

The proof shows that the father has another son to whom he made a similar deed for another tract of land, and that he has not disturbed that son in his tract. It also shows that the father has two other tracts of land and some $5,000 in money, and that at the time the deed was made he contemplated turning over the place to the son. The son cleared some of the land after the deed was made, and cultivated it with the father's acquiescence. The father also then declared that it was the son's land. But as a matter of fact the father remained on the place all the time, and his rights must be determined from the deed, which is in these words: "This deed of conveyance made and entered into this 11th day of October, 1901, between John Hunt and S. E. Hunt, parties of the first part, and F. M. Hunt, party of the second part, witnesseth: That the said parties of the first part for and in consideration of the sum—of love and affection, this deed is not to take effect until the death of the said John Hunt and S. E. Hunt, do hereby sell and convey to the party of the second part, his heirs and assigns, the following described property, to wit: a certain parcel or tract of land (here follows description), to have and to hold the

same together with all the appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever. And said party of the first part hereby covenants with the said party of the second part that he will warrant the title hereby conveyed unto the said party of the second part and to his heirs and assigns forever."

It is insisted for appellant that by reason of the words, "this deed is not to take effect until the death of said John Hunt and S. E. Hunt," the paper, though in form a deed, is testamentary in character, and revocable by the father in his lifetime. It is insisted for the son that these words, when taken in connection with the other parts of the deed, merely retain a life estate in the father and mother; in other words, that the land is conveyed to the son, and some effect must be given to the other clauses of the deed. The question is one upon which there is an irreconcilable conflict of authority. Thus in Lauck v. Logan, 45 W. Va., 251, 31 S. E., 986, the deed contained these words: "This deed shall take and be in full force and effect immediately after the said William Logan shall depart this life, and not sooner." It was held a good deed, reserving a life estate in the grantor. So in Wilson v. Carrico, 140 Ind., 533, 40 N. E., 50, 49 Am. St. Rep., 213, the words of the deed were: "To be of no effect until after the death of grantor, and then to be in full force." The instrument was held valid as a deed. The same ruling was made in Shackelton v. Sebree, 86 Ill., 616, where the words were: "This deed not to take effect until after my decease—not to be recorded until after my decease." So in Wyman v. Brown, 50, Me., 139, where the words were: "Not to take effect during my lifetime, and to take effect and be in force after my death." So in West v. Wright, 115 Ga., 277, 41 S. E., 602, where the words were: "This deed to take effect at my death." So

in Abney v. Moore, 106 Ala., 131, 18 South., 60, where the words were: "This conveyance is not to take effect until after my death, and after my death, the title to the foregoing lands is to vest immediately in my said children." So in Bunch v. Nicks, 50 Ark., 367, 7 S. W., 563, where the words were: "And the deed shall go in full force and effect at my death." See, also, Latimer v. Latimer, 174 Ill., 418, 51 N. E., 548, Abbott v. Holway, 72 Me., 298; Owen v. Williams, 114 Ind., 179, 15 N. E. 678; Wynn v. Wynn, 112 Ga., 214, 37 S. E., 378; Brice v. Sheffield, 118 Ga., 128, 44 S. E., 843. In these States the rule followed rests on the ground that as the instrument contains words of present grant, covenant of warranty, and the like, and is authenticated or acknowledged as a deed, some force must be given all the parties of the instrument, and such a construction must be given to it as will make the instrument effective rather than one that would deny it any operation; and therefore the words that the instrument is not to take effect until the death of the grantor must be construed as a clumsy way of expressing that the deed is not to take effect in possession or in the enjoyment of the property until the grantor's death. On the other hand, in Pinkham v. Pinkham, 55 Neb., 729, 76 N. W., 411, the deed contained these words: "This deed is to take effect and be in full force from and after my death," and it was held that no present interest passed by the grant. The same ruling was made in Turner v. Scott, 51 Pa., 126, where the words were: "This conveyance is in no way to take effect until after the decease of the grantor." So in Armstrong v. Armstrong, 4 Baxt. (Tenn.) 357, where the words were: "This conveyance to have effect from and after my death." So in Leaver v. Gauss, 62 Iowa, 314, 17 N. W., 522, where the words were: "To commence after the death of both the said grantors." Also the following: "It

is hereby understood and agreed between the grantors and the grantee that the grantee shall have no interest in the said premises as long as the said grantors, or either of them, shall live, and that after the death of both the said grantors, the grantee shall have and hold the premises by fee simple title." So in Murphy v. Gabbert, 166 Mo., 596, 66 S. W., 536, 89 Am. St. Rep., 733, where the words were: "The intention of this instrument of writing is such that Mrs. Ann Ellison relinquishes her entire right at her death, then this deed is to immediately come into effect, but not until then." To same effect, see Coulter v. Shelmadine, 204 Pa., 120, 53 Atl., 638; Horn v. Broyles (Tenn. Ch. App.) 62 S. W., 297; Griffin v. McIntosh (Mo. Sup.) 75 S. W., 677; Hazleton v. Reed, 46 Kan., 73, 26 Pac., 450, 26 Am. St. Rep., 86; Bigley v. Souvey, 45 Mich., 370, 8 N. W., 98; Carlton v. Cameron, 54 Tex., 72, 38 Am. Rep., 620. There are in Alabama and Georgia some older cases following this rule, but they seem to have been disregarded by the courts in the later cases. In Reynolds v. McFarland, 11 S. W., 202, 10 Ky. Law Rep., 932, this court had before it a deed containing these words: "This deed is not to take effect until after the death of myself and the death of my wife, Cynthia Reynolds, and at her death then this deed is to be in effect." The grantor died; the grantee conveyed the land to William Reynolds, who made a mortgage on it; the mortgagee sued to foreclose his lien, and Cynthia Reynolds claimed a life estate in the land. It was held that she was entitled to a life estate in the land and not to dower only.

In Phillips v. Thomas Lumber Company, 94 Ky., 445, 15 R., 219, 22 S. W., 652, 42 Am. St. Rep., 367, the deed, which was made by Jesse Phillips and his wife, Vicey E. Phillips, contained this clause: "This land is deeded to

Vicey E. Phillips during her life, and she is to live on and have control until her death, and at the time of her death, it is to go to and belong to John Phillips, son of William Phillips, deceased, and his heirs forever. This deed is not to take effect until the death of Jesse Phillips, and Jesse Phillips is to have and keep full possession of said farm during his life and to have all proceeds of said farm until his death." The court held the deed good as passing a present interest, on the ground that, taking all the instrument to-gether, it showed just what Jesse Phillips retained and was to have. Referring to the cases above cited, the court said: "The language used must fix the interest of the grantee, and determine whether the instrument is a deed or merely testamentary in its character. The fundamental rule in the construction of both wills and deeds is to give effect to the intention of the party executing the instrument, and this is to be arrived at by the language used as found in the entire writing." The question was again presented in Rawlings v. McRoberts, 95 Ky., 346, 15 R., 771, 25 S. W., 601, where the deed contained in the first part of it this recital: "Whereas, . . . said Rawlings desires to make a distribution of his estate to take effect, however, and to go into effect, on and after death." It also contained in the concluding part of it these words: "This conveyance is put to record, but not to take effect so as to give possession until after my death, at which time they are to divide the same as they see fit and proper." It was held that some effect must be given to the form of the writing as showing the intention of the grantor to make an ordinary deed, and that, on the whole instrument, only possession was postponed until the death of the grantor. In the subsequent case of Ward v. Ward, 104 Ky., 857, 20 R., 986, 48 S. W., 411, a paper which was offered for probate as a will, and was in the

form of a will, was rejected because the estate vested for a valuable consideration during the maker's lifetime.

The rule is that the court will, if possible, so construe an instrument as to give it effect, and that a construction of an instrument which would deprive it of any effect will not be adopted if it can reasonably be avoided. In the case before us the paper is authenticated as a deed. It is not authenticated as a will, and therefore can not be probated as a testamentary paper. An instrument, to be good as a will, must take effect at the maker's death. But this paper, if we construe it literally, does not take effect until the death of both John Hunt and his wife, S. E. Hunt. If John Hunt had died, the estate, under the literal reading of the words, "This deed is not to take effect until the death of said John Hunt and S. E. Hunt," would not vest in F. M. Hunt until the death of S. E. Hunt. The paper, therefore, if we enforce these words literally, can have no force as a deed because not taking effect in the lifetime of John Hunt, and no force as a testamentary paper because not taking effect at his death. The title to the property was in John Hunt. If John Hunt had died, under the case of Reynolds v. McFarland, above cited, S. E. Hunt would have been entitled to a life estate in the land. It was the home place of the old people, and as to S. E. Hunt, plainly there was no purpose to invest in her a greater estate, but only to preserve to her use her old home as long as she lived. Only the enjoyment of the place by the grantee was postponed to her death. But the language of the deed as to her and her husband is exactly the same, and no greater effect can be adjudged the same words as to him than as to her. The object of all construction is to arrive at the intention of the maker of the instrument. In doing this, all parts of the instrument must be considered, and in a deed, in case of doubt, it must

be resolved against the grantor, for he selects his own lan-
guage. While the instrument in question contains the words
that it is not to take effect until the death of
the grantors, it also contains the words, "do hereby sell
and convey," "to have and to hold," and "said party of the
first part hereby covenants with the said party of the second
part that he will warrant the title hereby conveyed." These
words aptly convey a present estate, and it is not presumed
that one part of the deed was intended to conflict with
another. As it is clear that, as to S. E. Hunt, only the en-
joyment of the property was postponed until her death, we
conclude that, giving some effect to all parts of the deed,
its proper construction is that the grantee takes a present
estate vesting at the time of its delivery, but taking effect
in possession at the death of the father and mother.

Judgment affirmed.