## Morrison, et al. v. Bartlett, et al.

(Decided June 12, 1912.)

### Appeal from Monroe Circuit Court.

1. Wills.—A will is an instrument by which a person makes a disposition of his property, to take effect after his decease and which is in its nature ambulatory and revocable during his life. If the instrument by its terms vests an estate before the death of the testator, it is not testamentary, because it is not ambulatory.

2. Wills—When Paper Sufficiently Testamentary.—Where J. T. Bartlett, a testator, who held the promissory note of third persons for money due the testator, made and signed the following endorsement: "I transfer the within note to William Bartlett, but he has no right to sell or transfer, nor to collect same during the life of J. T. Bartlett. If this is not collected until after my death, then William Bartlett is to have the same. If I live until this

is due and collected then I am to collect it," the paper was sufficiently testamentary in its character to operate as a will, and was properly probated as such.

ALLEN SANDIDGE and PORTER & SANDIDGE for appellants.

BAIRD & RICHARDSON for appellees.

SHERMAN SPEAR, Guardian ad litem for infant appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is an appeal from a judgment of the Monroe Circuit Court sustaining the probate of the following paper, with the endorsement thereon, as the last will and testament of J. T. Bartlett, to-wit:

"Glasgow, Ky., April 25, 1910.
"This certifies that J. T. Bartlett, has loaned Baird & Richardson the sum of $6,500, and the same is to be paid to him or his order by Baird & Richardson, with interest at 4 per cent per annum, interest payable every six months; and this paper is secured by eleven shares of stock issued by the Farmers National Bank to V. H. Baird, and also fifty-five shares of stock issued by the same bank to Basil Richardson, making sixty shares of stock to secure the payment of this paper. Interest on $1,500 of this amount is to begin April 20th, 1910; interest on $5,000 of this money to begin April 4th, 1910.
"BAIRD & RICHARDSON.
"Attest: E. A. SUMMERS."

(Endorsement)
"I transfer the within note to William Bartlett, but he has no right to sell nor transfer, nor to collect same during the life of J. T. Bartlett. If this is not collected until after my death, then William Bartlett is to have the same. If I live until this is due and collected then I am to collect it. Dated April 25th, 1910.
"J. T. BARTLETT.
"Witnesses:
"GEO. R. LEWIS,
"BASIL RICHARDSON.

"Int. paid in full on the $1,500 to Oct. 20th, 1910, and on the $5,000 to Oct. 4th, 1910. This Oct. 20th, 1910.
"J. T. BARTLETT."

The execution of the endorsement is conceded. The only question made upon the trial was, whether the paper was sufficiently testamentary in its character to operate as a will. Appellants contend that the endorsement is not testamentary in its character, since J. T. Bartlett intended by the endorsement to pass a present interest in the note.

In Ward v. Ward, 104 Ky., 857, we announced the rule upon this subject as follows:

"Blackstone defines a will to be 'the legal declaration of a man's intention, which he wills to be performed after his death.' 2 Bl. Comm., 499. Jarman defines a will to be 'an instrument by which a person makes a disposition of his property, to take effect after his decease, and which is in its own nature ambulatory and revocable during his life.' 1 Jarm. Wills, p. 26. Redfield approves the definition of the Supreme Court of Maryland, that a will is 'any instrument whereby a person makes a disposition of his property, to take effect after his death.' 1 Redf. Wills, 5, approving Cover v. Stem, 67 Md., 499 (10 Atl., 2331, 1 Am. St. R., 406). 'A will may be defined as the legal declaration of a man's intention, which he wills to be performed after his death, touching either the disposition of his property, the guardianship of his children, or the administration of his estate.' 29 Am. & Eng. Enc. of Law, 124.''

In the same case we further said:

"From these authorities of other courts than our own—and they might be extended indefinitely—it appears that the one important characteristic that is to distinguish a will is that no present estate is granted; that the devisor has at all times the right of revocation, at his will and pleasure, without thereby divesting any person of a right, or himself thereby incurring a liability. If the instrument by its terms vests an estate before the death of the testator, it is not testamentary, because it is not ambulatory. This rule has been recognized by this court in the case of Simon v. Wildt, 84 Ky., 158; the court saying: 'If no conclusive effect can be given to the paper until the death of the maker if it appear that the maker did not intend any interest whatever to vest before his death—then the law regards the instrument as testamentary.' ''

Webster v. Lowe, 107 Ky., 293; Goad v. Lawrence, 24 Ky. L. R., 262, 68 S. W., 411; Hunt v. Hunt, 26 Ky. L. R.,

973, 82 S. W., 998; Milam v Stanley, 33 Ky. L. R., 783, 111 S. W., 296, are to the same effect.

In the Milam case we said:

"In Hunt v. Hunt, 4 N. H., 434, 17 Am. Dec., 438, the decedent indorsed on the back of a note these words: 'If I am not living at the time this note is paid, I order the contents to be paid to A. H.' He died before the note was paid. In Fickle v. Snepp, 97 Ind., 289, 49 Am. Rep., 449, the instrument was in form a promissory note. In all these cases the papers were probated as a will. Indeed, the general rule is that an instrument is a will, if properly executed, whatever its form may be, if the intention of the maker to dispose of his estate after his death is sufficiently manifested. Babb v. Harrison, 9 Rich. Eq. (S. C.), 111, 70 Am. Dec., 203."

Applying this rule to the endorsement under consideration, it appears that the language used by the decedent was not sufficient to pass a present interest or right in the note to William Bartlett, since those rights were expressly postponed until after the death of J. Bartlett who in the meantime, retained possession of the note. By the express terms of the endorsement, William Bartlett had no right to sell, transfer or collect the note during the life of J. T. Bartlett; on the contrary, William Bartlett was to have the proceeds of the note only in the event that they had not been collected by J. T. Bartlett during his lifetime.

J. T. Bartlett retained the note and collected one gale of interest before his death. Under the circumstances the endorsement was revocable at the pleasure of J. T. Bartlett; and although he used the term "transfer" in making the endorsement, the context clearly shows he intended the transfer to become effective only in case of his own failure to collect the note. The paper thus became testamentary in character, within the rule above announced, and the circuit judge properly admitted it to probate.

Judgment affirmed.