## Little's Administrator v. Sizemore.

(Decided March 24, 1925.)

### Appeal from Breathitt Circuit Court.

1. Wills—Rule for Determining Whether Instrument is Will Stated
—Any instrument regardless of form, executed with formalities
required of wills, if intended as will, and not to take effect until
maker's death, and if revocable at maker's pleasure, may be con-
strued as testamentary; whether instrument is revocable being
dependent on its legal effect when executed. If it then becomes
binding or vests present interest in beneficiary, it is irrevocable,
but if not binding it is revocable.
2. Bills and Notes—"Good Consideration" will Not Support Promise
to Pay at Death Out of Estate.—"Good consideration" will not
support a writing promising to pay $1,500.00 "at my death . . .
out of my estate."
3. Wills—Not Error to Construe Instrument Promising to Pay De-
signated Person $1,500.00 on Testator's Death to be Testamentary.
—It was not error to construe instrument promising to pay
$1,500.00 to designated person on maker's death, attested by two
witnesses, and not for valuable consideration to be testamentary,
in view of evidence that maker intended it as will.
4. Wills—Where Testimony of Nonexperts Conflicting Question of
Testator's Mental Capacity was for Jury.—Where testimony of
nonexperts was conflicting, question of testator's mental capacity
was for jury.

A. F. BYRD and T. T. COPE for appellant.

RYLAND C. MUSICK for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 25, 1921, William M. Sizemore tendered
and offered for probate in the Breathitt circuit court the
following writing as the last will and testament of W. B.
Little, deceased:

"this the 15 day of March, 1920, payable at my
death I promise to pay William M. Sizemore the

sum of *$1,500.00 fifteen hundred dollars* out of my
estate which I have at that time.

his
"W. B. x Little
mark

"Witness:
   Johnny Sizemore,
   Maud Ingram."

Probate was refused on the ground that the writing
was a note and not a will, and on the further ground that
W. B. Little was not of sound mind and disposing mem-
ory when the writing was executed. From that order,
William M. Sizemore prosecuted an appeal to the
Breathitt circuit court. There was then pending in that
court an action to settle the estate of W. B. Little. Wil-
liam M. Sizemore was made a party defendant, and filed
the note as a claim against the estate. The two actions
were consolidated, and a jury, to which the issue was sub-
mitted, sustained the writing as the will of the testator.
Judgment was entered accordingly, and Little's adminis-
trator has appealed.

Appellant's first contention is that the writing is not
a will. In the determination of this question, the follow-
ing rules are controlling: Any instrument executed with
the formalities of a will, no matter in what form, if in-
tended as a will, and not to take effect until the maker's
death, may be construed as testamentary and admitted
to probate, provided it is revocable at any time at the
pleasure of the maker; whether the instrument is revoca-
ble or not depends on its legal effect when executed. If
then it becomes a binding and enforceable obligation, or
vests a present interest in the beneficiary, it is irrevoca-
ble, and therefore not a will.

On the other hand, if no binding obligation is cre-
ated, and no present interest passes, the instrument is
revocable and will be deemed testamentary in character.
Jackson v. Jackson, 6 Dana 257; Webster v. Lowe, 107
Ky. 293, 53 S. W. 1030; Goad v. Lawrence, 24 Ky. L. Rep.
262, 68 S. W. 411; Hunt v. Hunt, 119 Ky. 39, 68 L. R. A.
180, 82 S. W. 998, 7 Ann. Cas. 788; Milan v. Stanley, 33
Ky. L. Rep. 783, 17 L. R. A. (N. S.) 1126, 111 S. W. 296;
Morrison v. Bartlett, 148 Ky. 833, 147 S. W. 761, 41 L.
R. A. (N. S.) 39. By the writing in question the sum of
$1,500.00 was payable at the maker's death out of such
estate as he had at that time. The obligation was not

executed for a valuable consideration, as was the case in Price v. Jones, 105 Ind. 543, 5. N. E. 683, and Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487. A "good consideration" will not support such an instrument. Sullivan v. Sullivan, 122 Ky. 707, 29 R. 239, 92 S. W. 966, 7 L. R. A. (N. S.) 156. Hence, the instrument was not binding on the maker, and he had the right to revoke it at any time. In addition to this, the circumstances attending the execution of the instrument tend to show that it was intended as a will. We are, therefore, of the opinion that the chancellor did not err in holding that the writing was testamentary in character. Wells v. Lewis, 190 Ky. 626, 228 S. W. 3.

Those who were present when the paper was executed say that the testator dictated its contents, and that his mind was clear at the time. On the other hand, several neighbors of the testator say that he was afflicted with epilepsy, and during the last six months of his life did not have sufficient mind to enable him to know the character and value of his estate, the natural objects of his bounty, and to dispose of his property according to a fixed purpose of his own.

In view of the conflicting evidence, and of the further fact that all of the witnesses were nonexperts, we conclude that the question of testamentary capacity was for the jury.

Judgment affirmed.