## Todd et al. v. Williams' Adm'x.

(Decided June 12, 1936.)

W. A. BARRY and C. E. MORGAN for appellants.

FAUREST & FAUREST for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

In June, 1935, the appellants, Francis Todd and Mildred Skeeters, formerly the Francis and Mildred Williams named in the writing sued on, brought this action in the Hardin circuit court, seeking to recover the possession of certain personal property, or its value of $425, held by the appellee, Lottie Williams, as the administratrix of the estate of T. L. Williams, and damages of $100 for its wrongful detention.

In the action they based their right to recover upon the following writing, executed by their grandfather, J. T. Williams, to them on November 1, 1928:

"This deed and bill of sale made and entered into this 1st day of November, 1928, between J. T. Williams, party of the first part, whose post office address is Vertrees, Ky., and Francis Williams and Mildred Williams, parties of the second part:

"Witnesseth: That said party of the first part, for and in consideration of the sum of ($1.00) dollar, cash in hand paid and other good and valuable considerations, the receipt of which is hereby acknowledged, does hereby sell and convey to the parties of the second part, their heirs and assigns, the following described real estate lying in Hardin county, Kentucky, viz:

"All of my personal property and all rents unpaid at my death, if said second parties are still living with me and caring for me. Also $500.00

worth of my unsold land to each of them or whatever remains of said land or money of a less amount, after all my debts are paid.

"The title to said land was derived from—— by deed of record in the Hardin county clerk's office, in deed book No.——, page——, and bears date—— day of——. To have and to hold the same with all the appurtenances thereon, to the party of the second part, their heirs and assigns forever, with a covenant of general warranty.

"Witness my hand the day and year above written.

"Signed: J. T. Williams"

Further in their petition they alleged that the maker of the instrument, J. T. Williams, had died on December 17, 1929; that they had each remained with and cared for him until the time of his death, as per the agreement recited in the writing, which they and each of them accepted in full upon its delivery to them by J. T. Williams and had performed same. Further, they incorporated therein a list of the articles of personal property which they alleged were left by him upon his death, which they claimed to own as grantees thereunder and which they charged the defendant was withholding, claiming same as belonging to the estate of her deceased husband, T. L. Williams, as the adverse holder and owner thereof at the time of J. T. Williams' death and for several years prior thereto.

While it appears that this instrument contained no direction that it be recorded, it was yet, in fact, duly put to record.

For convenience, we will hereinafter refer to the parties as plaintiffs and defendant, their positions being the same here as they appeared in the lower court.

Following pleadings made up the issue, when the cause was submitted for judgment upon defendant's demurrer to the reply, which was, by consent of the parties, carried back to the petition.

The demurrer challenged the sufficiency of the petition to state or constitute a cause of action, in that (1) the instrument therein relied on and made the basis of the action, as being a present conveyance, was not of such character, but testamentary in nature, and, not having been probated as such, was of no effect; (2)

that there was no delivery made to grantees of the property it purported to convey them; and (3) that even if the instrument were not of testamentary character, there was no allegation in the petition that the grantor owned the property at the time the writing was executed which he attempted to convey.

The court, after hearing argument of counsel and duly considering same, adjudged that "the writing filed with the petition was of testamentary character and not of the character of a deed and bill of sale" and upon such ground sustained the demurrer to the petition, to which ruling plaintiffs excepted, and declining to plead further, their petition was dismissed.

Complaining of this ruling, the plaintiffs have appealed, presenting for our review but the one question of whether or not the court committed a reversible error in thus sustaining the demurrer to their petition.

In support of such assigned error, they argue that the writing set out supra was both in its form and legal effect a deed, operative to vest a present irrevocable interest in grantees in the property, and should be so construed. On the other hand, the appellee's contention is that the trial court properly construed the writing as being testamentary in its nature and therefore not effective to operate as a gift inter vivos or as vesting in grantees a present interest therein, and, in that the instrument was not authenticated as a will nor had been probated as such, the court properly sustained the demurrer.

Turning now our attention to the consideration of these conflicting contentions, it is first to be noted that the paper before us is one authenticated as a deed and not as a will, and therefore could not be probated as a testamentary paper. The question then arises as to whether or not the instrument, while in form and terms a deed, was, as such, intended by the maker to operate and be effective as vesting in grantees a present interest in the property purported to be conveyed or to thereby make a conveyance which was intended only to take effect at his death.

While such a construction of an instrument as will deprive it of any effect is not to be adopted if it can be reasonably avoided, the object of all rules of construction is yet to arrive at the intention of the

maker of the instrument. In ascertaining this, all parts of the instrument should be considered together, and where a deed, in case of doubt, "it must be resolved against the grantor, for he selects his own language."

While both parties concede that such is the primary rule governing the construction of written instruments, the appellants contend that the instrument in question does yet, when so interpreted, manifest an intention on the part of the grantor to vest a present, irrevocable interest in the grantees, effective when the instrument was executed, even though by its terms the grantees' enjoyment of the property was deferred or made subject to the grantor's temporary use and possession of the property so conveyed for the period of his life.

As manifesting such was the intent of the grantor, they argue that the writing here adopted by grantor for making such a gift inter vivos of the property to plaintiffs has all the requisites of a bill of sale or present conveyance, which serves to throw a strong light on the question of what was the intention of the grantor in so employing them. In the instrument grantor has chosen for evidencing his intent the words, "this deed and bill of sale made * * * between J. T. Williams, party of the first part" and plaintiffs as "parties of the second part," together with the ordinary words, operative of conveyance; also it states the property conveyed; the consideration is expressed; that the property is sold to the "parties of the second part, their heirs and assigns"; the "to have and to hold" or habendum clause, with "covenant of general warranty"; and certifies the instrument's execution, including signing, acknowledging, and delivery; and finally bears certification that the writing was later recorded as a deed.

In further support of their contention that the writing in question was when executed a deed, making final disposition and conveyance by grantor to plaintiffs, and then vested them with title to the conveyed property, subject only to the life estate reserved in its use and possession by grantor, they cite and strongly rely upon the case of Mason's Guardian et al v. Soaper et al, 232 Ky. 525, 23 S. W. (2d) 956, 957.

A reference to that case shows the appellants there

contended that the testator intended the deed, so far as grantees were concerned, to take the place of his will by making testamentary provision for them, and that it was for such reason to be construed as being of a testamentary nature, which was not unconditionally delivered, as effecting a present conveyance, but was intended to take effect only after his death. In disposing of that argument, we said:

"If this contention is sound, then the deed is void, as the formalities required for the execution of a will were not followed. Rawlings v. McRoberts, 95 Ky. 346, 25 S. W. 601, 15 Ky. Law Rep. 771; Ison v. Halcomb, 136 Ky. 523, 124 S. W. 813; Parker v. Archibald, 212 Ky. 567, 279 S. W. 979; Siter v. Hall, 220 Ky. 43, 294 S. W. 767.

"Whether or not an instrument is testamentary in character depends upon the intention of the maker. The general rule almost universally followed is that, when a deed is delivered to a third person or depositary with the direction to the latter to hold the deed during the lifetime of the grantor, and upon the latter's death to deliver it to the grantee, and the grantor intended at the time of the delivery to the third person or depositary to part forever with all right to recall or control the deed, such delivery is effectual and valid and passes a present interest in the property, though the enjoyment of it be postponed."

See cited authorities.

Also to like effect, and as both supporting and applying such rule of construction, we said in the earlier case of Hunt v. Hunt, 119 Ky. 39, 82 S. W. 998, 999, 26 Ky. Law Rep. 973, 68 L. R. A. 180, 7 Ann. Cas. 788:

"The rule is that the court will, if possible, so construe an instrument as to give it effect, and that a construction of an instrument which would deprive it of any effect will not be adopted if it can reasonably be avoided. In the case before us the paper is authenticated as a deed. It is not authenticated as a will, and therefore cannot be probated as a testamentary paper. An instrument, to be good as a will, must take effect at the maker's death. * * * The object of all construction is to arrive at the intention of the maker of the instru-

ment. In doing this, all parts of the instrument must be considered, and in a deed, in case of doubt, it must be resolved against the grantor, for he selects his own language."

It is to be noted, however, that in the Hunt Case, the father made an unconditional grant of a certain described boundary of land to his son, to have and to hold the same, with covenants of general warranty, reserving a life estate, to the property conveyed, to himself and wife. The court construed such wording of the deed as aptly conveying a present estate, and that it was not to be presumed that one part of the deed was intended to conflict with another, as it was clear that as to the grantee, only the enjoyment of the property was postponed, and reached the conclusion that, by giving some effect to all parts of the deed, "its proper construction is that the grantee takes a present estate vesting at the time of its delivery, but taking effect in possession at the death of the father and mother."

Again was such rule of construction announced and applied in the case of Little's Adm'r v. Sizemore, 208 Ky. 135, 270 S. W. 729, where the language of the opinion is as follows:

"Whether the instrument is revocable or not depends on its legal effect when executed. If, then, it becomes a binding and enforceable obligation, or vests a present interest in the beneficiary, it is irrevocable, and therefore not a will. On the other hand, if no binding obligation is created, and no present interest passes, the instrument is revocable and will be deemed testamentary in character."

Jackson v. Jackson's Adm'r, 6 Dana, 257, and other cases cited.

Keeping these rules of construction in mind, we will now, having hereinabove set out the form of the writing here before us, consider the matter of its provisions and conditions, as materially aiding us to determine whether or not, when so construed and interpreted as reflecting the maker's object in view, the grantor is to be taken as having thereby intended to execute it as a binding and enforceable obligation and effective in, vesting a present and irrevocable interest in the plaintiffs when executed.

The instrument recites:

·''That said party of the first part (J. T. Williams), * * * does hereby sell and convey to the parties of the second part (plaintiffs), their heirs and assigns, · the following described real esate lying in Hardin county, Kentucky:

''All of my personal property and all rents unpaid at my death, if said second parties are still living with me and caring for me. Also $500.00 worth of my unsold land to each of them or whatever remains of said land or money of a less amount, after all my debts are paid.''

Clearly the import of these words can only be interpreted or construed as manifesting grantor's intention to convey to the plaintiffs, as expressly stated, all. such personal property, unsold land and rents that are unpaid at the time of the grantor's death, or such. part thereof as then remains after all his debts are paid, and then only does the writing provide the property is to at such time become theirs, upon the condition that they at such time are still living with him and caring for him. Also, no specific articles of personal property were by these words either named as then owned or given by grantor, either conditionally or unconditionally, to the plaintiffs, but, on the other hand, it. is expressly stated that he thereby conveys them all such personal property and unpaid rents, not as he then has, but only such as he might have or own at the time of his death, after payment of his debts.

Clearly the grantor, having employed such language to express his intention as to the conditional character of the conveyance he was making the plaintiffs, as well as expressly stipulating that its operation as a .conveyance should become effective only at his death, must needs have intended his conveyance to be ambulatory or testamentary in character or as operating only at his death, upon property owned at his death, and was therefore not to be construed as conveying a present interest.

Also, the instrument, in further providing that the second parties were to take the property conveyed them, if they were still living with and caring for the grantor, must also of necessity have meant living with and caring for him until the time of his death and clear-

ly served to make their right to take the property conditional upon their having performed their agreement to live with and care for him until such time. The grant or gift of the property under such conditions could not take effect until the time of J. L. Williams' death, as it could not be sooner foretold whether the condition upon which they were to take the property had been performed by them.

Such being the character of the conveyance, as both prospective and conditional in its effect, it must be construed as being of a testamentary character, as held by the trial court.

In the case of Morrison v. Bartlett, 148 Ky. 833, 147 S. W. 761, 762, 41 L. R. A. (N. S.) 39, we said that a will is "any instrument whereby a person makes a disposition of his property, to take effect after his death," and, further in Siter v. Hall, 220 Ky. 43, 294 S. W. 767, 770, we said:

"It is well settled that, unless properly executed as a will, a gift to take effect at the death of the donor, who in the meantime retains full ownership and control of the subject of the gift, passes no right or title to the donee."

Compare also Mason's Guardian et al. v. Soaper et al., 232 Ky. 525, 23 S. W. (2d) 956, so holding, and the numerous cases therein cited.

We therefore conclude, for the reasons hereinabove stated, that the trial court's judgment in sustaining the demurrer, being in harmony with our views, was proper, and the judgment is accordingly affirmed.