## Murrell v. Gibbs' Adm'r et al.

(Decided Oct. 25, 1938.)

W. C. HAMILTON for appellant.

JOHN J. WINN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Reversing.

·This is an appeal from a judgment of the Montgomery Circuit Court, sitting in equity. A demurrer was sustained to appellant's petition, and he declined to plead further. It appears that A. D. Gibbs executed and delivered an alleged promissory note for five thousand dollars to his son, B. C. Gibbs, on April 4, 1934. The note, which was filed with and made part of the petition, stated that "four months after my death we jointly and severally promise to pay B. C. Gibbs for labor out of my estate or order $5,000.00. * * *" On April 11, 1934, A. D. Gibbs died intestate, and B. C. Gibbs qualified as his administrator. B. C. Gibbs sold and endorsed the instrument to appellant on June 28, 1934, for an alleged valuable consideration. After maturity, B. C. Gibbs declined to pay the note, and appellant brought this suit to settle the estate and to enforce payment.

It is asserted in briefs although it does not appear from the record that the chancellor sustained the demurrer because he was of the opinion that the note in question was testamentary in its character, and since it was not executed with the formalities necessary to comply with the Statute of Wills, it was therefore void. Little's Administrator v. Sizemore, 208 Ky. 135, 270 S. W. 729. While it is possible that the instrument before us may be testamentary in its character, we are unable so to determine the question on a demurrer to the petition.

It is insisted that we should assume that there was no consideration for the note because there is no allegation to that effect in the petition and the mere recital in the note that it was given "for labor" does not supply the deficiency. However, "it has often been held,

on the theory that the event is sure to happen, that an instrument payable on or at a specified period after the death of the maker or of a third person, is valid and negotiable." 10 C. J. S., Bills and Notes sec. 97; 7 Am. Jur., Bills and Notes, sec. 149; Kentucky Statutes, sec. 3720b-4. By sec. 3720b-24 of the Kentucky Statutes, it is provided: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." It follows that the instrument, being negotiable, itself imports a consideration and that the absence of an allegation of consideration is not fatal to appellant's cause of action.

Whether or not a consideration was actually given may of course be established by proof. It is probable that the peculiar circumstances surrounding the transfer of the note as well as the recitals therein were sufficient to put appellant on inquiry as to any infirmities in the instrument. Kentucky Statutes, sec. 3720b-56. But this is beyond the scope of our present investigation. Appellant has stated a cause of action and the demurrer should therefore have been overruled.

Judgment reversed.