# Glocksen v. Holmes et al.

March 23, 1945.

Oscar Bader and Emeric Maratta for appellant.

Ewing L. Hardy, Leon J. Shaikun and Davis W. Edwards for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, and plaintiff below, Maude Glocksen, is the widow of Dr. John J. Glocksen who died intestate, a resident of Louisville, Jefferson County, Kentucky, on December 9, 1938. No children were born to them. About ten years prior to his death the doctor wrote on a typewriter and signed his name thereto this instrument:

"I, John Glocksen, being sound of mind, convey to my wife, Maud, all my property; Personal or real to be administered by her, as she pleases.

"John J. Glocksen"

His only heirs were collaterals who were no nearer related to him than nieces and nephews. He appears to have owned at the time of his death five cottages in the city of Louisville, the total value of which was not exceeding $2,000 and upon which there was a mortgage lien of $600. The widow (appellant, and plaintiff below), following her husband's death, offered the above instrument for probate in the Jefferson county court, but she was unsuccessful because it was not witnessed, nor was it holographic, and every attorney connected with this case concedes that its rejection was proper. She then filed this action in the Jefferson circuit court in which she set out the heirs of her deceased husband, so far as she knew them, as well as all of his unknown heirs, all of whom she made defendants. She then alleged that the written instrument referred to was and is a deed to her from her husband of all of his property, and she prayed that the court so adjudge, since it was not acknowledged or properly witnessed and was unrecordable; therefore she prayed that the court direct the Master Commissioner of the Jefferson circuit court to execute to her a deed to the decedent's real estate by a recordable conveyance so that her title to the property might appear of record.

Upon the filing of the petition the Clerk issued a warning order for defendants and appointed Leon J. Shaikun as warning order attorney. He made the usual report, and his inability to make defense. The court thereupon appointed Judge Davis W. Edwards as additional, or co-warning order attorney, and as such he entered a general denial of the averments of the petition. Whereupon evidence was taken by interrogatories, and the court on final submission adjudged "that said instrument is not a conveyance and deed of the property from him (Dr. Glocksen) to her (the widow)" (our parenthesis), and adjudged that it is not a deed, and the plaintiff's petition was dismissed. From that judgment plaintiff prosecutes this appeal.

The court wrote no opinion setting forth the grounds of its conclusion as embodied in the judgment. There are only two grounds upon which its judgment could be rested, and they are, (1) insufficient description of the property so as to pass title, and (2) that the language of the instrument in the light of the testimony, properly heard, did not disclose an intention on the part of Dr. Glocksen to convey a present interest in the property

to his wife. Each of them will be considered and determined in the order named.

1. The great weight of authority (although there may be some few scattering cases to the contrary) is to the effect, that the adjective "all" (meaning the whole), as applied to property attempted to be conveyed, is a sufficient descriptive word in an inter partes conveyance to transfer title from the grantor to the grantee. In stating that rule as adopted and applied by the great weight of authority the text in 16 Am. Jur. 591, section 272, says:

"According to the weight of authority, a deed describing the subject matter as 'all' the grantor's property or 'all' his property in a certain locality is not defective or void for want of a sufficient description, and the description will be held sufficient and the property identified where it appears that the grantor owns only one piece of property to which the description can apply. Under the rule stated, deeds which describe the property conveyed as all the real estate belonging to the grantor, all the interest of the grantor in designated section, all his real property in a certain city or town, or all his property in a certain county are generally held to be effective. A conveyance of all the property of the grantor in a certain state is sufficient to pass title to real estate, without a particular description of it."

In note 13 to that text are many cases from many courts including annotations in 55 A. L. R. 162 following the case of Brusseau v. Hill, 201 Cal. 225, 256 P. 419, in which the California court approved the text stated rule. The annotation referred to in stating the rule, on page 163 of the same volume, says this: "By the weight of authority a deed or mortgage, describing the subject matter as 'all' of the grantor's property, or 'all' of his property in a certain locality is not defective or void for want of a sufficient description." In support of that statement cases are cited from the U. S. Supreme Court and from similar courts of the states of Alabama, Arkansas, California, Florida, Illinois, Kentucky, Maine, Maryland, Massachusetts, Mississippi, Nevada, Pennsylvania and Texas, as well as a number of English cases. The Kentucky cases listed by the annotator are Starling v. Blair, 4 Bibb 288, and Albertson v. Prewitt, 49 S. W. 196, 20 Ky. Law Rep. 1309.

In the Starling case the instrument involved was a mortgage on a lot belonging to the mortgagor located in the city of Frankfort, and the only description contained therein was: "all the lots that he (mortgagor) then owned in the town of Frankfort, whether he had a legal or equitable title thereto." (Our parenthesis). This court held the description sufficient although couched in such general language.

In the Albertson case the involved instrument was a deed conveying land described as "all the lands said Davis holds on the Dry Fork of Otter creek." This court speaking through Justice Hazelrigg upheld the deed and enforced it. It was attacked "because the description of the property was too indefinite for identification"; but the learned justice writing the opinion said:

"It appears, however, that by additional pleadings, the plaintiff set out the lands owned by the mortgagor by metes and bounds, and, while this was necessary for the guidance of the court in making certain the lands to be sold, we do not regard the instrument void for uncertainty."

The opinion then cited the Starling case and approved its holding. Plaintiff's pleading in this case specifically referred to and described the property she claimed through the involved instrument supra. We therefore conclude that the court erred, if it rested its judgment on ground (1) supra, since the description here involved is sufficient to uphold the conveyance.

Without citing any text or adjudged cases it might be stated as a universally accepted proposition that, whether an instrument is a deed or a will is to be determined by the intention of the one who executed it. That proposition is so universally true as to dispense with the listing of precedents so announcing and applying it. If the instrument on its face purports to convey a present vested interest it will be construed and upheld as a deed; but if from the same source there is a manifested intention to postpone the vesting of any right of any character, until after the death of the maker of the instrument, it is then testamentary and should be construed only as a will.

The instrument here under consideration, on its face contains no language indicating any postponement of vesting of title, or any other right in Dr. Glocksen's wife

until after his death. On the contrary the language clearly indicates a present vesting of the title to his property in his wife. The proof uncontradictedly shows that immediately upon signing the contested document its maker delivered it to his wife and that she kept it in a deposit box from that time on. Both she and he thereafter on occasions collected rent from the occupants of the real estate, perhaps just as they had done theretofore, the wife applying the collections that she made mostly in reducing the mortgage on the property to its present amount of $600, a large part of which she did after her husband's death.

In Volume 16, supra, of Am. Jur. page 532, section 168, the text says:

"The tendency of modern decisions is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities subject to be cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution and the subject matter and the situation of the parties as of that time."

But, of course, a secret intention antagonistic to the plain wording of the instrument will not prevail. Following sections in that same volume point out a number of rules for ascertaining the intention of the maker of the writing in contest under the sub-division of "as deed or will" beginning on page 339, section 181.

In section 183 on page 541, the text says:

"In the late cases there seems to be a tendency of the courts in the direction of greater liberality in construing instruments containing such provisions; the courts are coming more and more to construe such instruments as deeds and not wills."

In the following section (184) the text says: "* * * there exists another rule generally accepted to the effect that where such an instrument cannot operate as a will, because of insufficient execution, and it is sufficiently executed to operate as a deed, the court will make an effort to construe it so as to prevent it from becoming a mere nullity."

Furthermore, on page 543 of the same volume in section 189, it is said:

"Inasmuch as delivery is requisite to the validity

of deeds, but not of wills, the fact that an instrument in the form of a deed, containing a provision postponing its taking effect until after the death of the maker, is delivered constitutes additional evidence that the maker intended the instrument to pass a present vested interest and to constitute a deed.''

In the many cases cited to that text is: Phillips v. Thomas Lumber Company, 94 Ky. 445, 22 S. W. 652, 42 Am. St. Rep. 367. Our opinion in that case supports the text to which it is cited. Likewise this court considered exhaustively the question as to whether an instrument should be construed as a deed or a will in the case of Hunt v. Hunt, 119 Ky. 39, 82 S. W. 998, 68 L. R. A. 180, 7 Ann. Cas. 788. In the long list of cases cited in that opinion the instrument expressly said that it was not to take effect until the death of its maker; but, from a consideration of the entire language of the instrument, and the surrounding of the parties it was held that it was a deed conveying a present interest to the grantee, notwithstanding the postponing of the enjoyment of the conveyed interest until after the maker's death. Other cases following the holding in the Hunt case are: Jacoby v. Nichols, 62 S. W. 734, 23 Ky. Law Rep. 205; Todd v. Williams' Adm'x, 264 Ky. 788, 95 S. W. 2d 593, and Vaughn v. Metcalf, 274 Ky. 379, 118 S. W. 2d 727. In annotations commencing on page 23 of 11 A. L. R. the question of whether or not an instrument should be classified as a deed, or as a will—even when it contains postponement of enjoyment until after the maker's death—is exhaustively considered, and wherein many rules for arriving at the intention of the maker are cited. On page 46 of that volume the annotator says:

''In addition to the rules set out above, making the execution of instruments in the form of deeds, containing provisions postponing their taking effect until the death of the maker, evidence of the intent of the maker, there exists another rule, generally accepted, to the effect that where such an instrument cannot operate as a will, because of insufficient execution, and it is sufficiently executed to operate as a deed, the courts will make an effort to construe it so as to prevent it from becoming a mere nullity.''

That statement is supported by the citation of a great number of cases including the Jacoby and Hunt cases supra.

If, therefore—as the cited authorities thoroughly establish—instruments containing express postponement of vesting of interest until the death of the maker may, according to the rules of interpretation, be construed as a deed, then a fortiori the same interpretation should be given as to the classification of an instrument containing no such postponement of the vesting of interest.

But it is argued on behalf of appellees that the phrases contained in the instant document, "being of sound mind" and "to be administered by her" conclusively demonstrate that Doctor Glocksen intended to make his will in favor of his wife and not to presently convey to her the title to his property. We are unable to accept that argument as even remotely bearing on the intention of plaintiff's husband. We have seen that he formulated the instrument he executed, and, being a layman, he was unfamiliar with the formal language in which such instruments are couched. However, it is as necessary that a vendor in a deed be of sound mind at the time he executed it, as it is that a testator should be so at the time he executes his will, and we can scarcely conclude that the use of the phrase, so relied on, should be given effect so as to destroy the intention of the doctor and to require a classification of the instrument he executed, from the apparently intended one. The word "administer" is not a technical one having but a single significance. One of the definitions given by Mr. Webster is "to manage or conduct", and among its synonyms given by the author is "manage" and "conduct". A layman might, therefore, readily employ the word "administer" in the sense of its given synonyms by Mr. Webster.

But, let us read the contested document leaving out such phrases. It would then read: "I, John Glocksen, convey to my wife, Maud, all my property, personal or real to be managed by her as she pleases." Under our statute such a conveyance transfers the fee in the property conveyed without words of inheritance, and, since the language speaks as of the present it clearly foreshadows an intention to make the instrument operative in presenti. Having arrived at such conclusions it follows that the court erred in dismissing plaintiff's petition, and the judgment is reversed with directions to set it aside and to enter one sustaining the prayer of the petition on condition that bond be executed by plaintiff

pursuant to section 410 of the Civil Code of Practice, and for such other orders as are not inconsistent with this opinion.

The whole court sitting .