**RILEY et al. v. RILEY et al.**

Court of Appeals of Kentucky.

March 19, 1954.

James C. Lyne, Russellville, Collier Goodlett, Clarksville, Tenn., for appellants.

G. Samuel Milam, Russellville, for appellees.

WADDILL, Commissioner.

On July 19, 1943, F. L. Riley, Sr., a widower, signed, acknowledged, and delivered a deed to three of his children, appellees herein, for 166 acres of land and his one-fourth interest in 114 acres of land, located in Logan County. The deed was duly recorded on the day of its execution and delivery. F. L. Riley, Sr., and the grantees in the deed, continued to reside on the property until May 10, 1951, when F. L. Riley, Sr., died intestate. The appellants then filed this suit, alleging that the deed was void because it was testamentary in character, and that it had not been executed in such a manner that it could be probated as a will. The court sustained appellees' demurrer to the petition as amended on the theory that the deed, which was filed as an exhibit to the petition, was valid. When the appellants declined to plead further, their petition was dismissed, and the appeal granted. Therefore, the correctness of the court's disposition of the case must be determined from the deed, which reads:

"This deed made and entered into this the 19th day of July, 1943, by and between F. L. Riley, Sr., of the first part, and Mose W. Riley, France C. Riley and Thad C. Riley, of Logan County, Kentucky, of the second part,

"Witnesseth: That the first party in consideration of the sum of ($1.00) Dollar and other good and valuable considerations, receipt of which are hereby acknowledged, has bargained and sold unto the said second parties, and does hereby sell and convey unto the said second parties jointly and equally a certain tract of land in Logan County, Kentucky, described as follows, viz.: (here follows description, etc.)

"It is understood and agreed that the first party hereto reserves to himself the full use and control of the above land for and during his natural life and this deed is only to become effective at his death, whereupon, fee simple title is to vest in the second parties, jointly and equally.

"To have and to hold the same unto the said second parties their heirs and assigns forever, with Covenant of General Warranty, releasing all rights except as hereinabove stated."

Appellants insist that by reason of the words, "this deed is only to become effective at his death," the instrument, though in form a deed, is testamentary in character, and was revocable by F. L. Riley, Sr., in his lifetime; also, that the instrument is invalid as a will for the reason it was not executed in the manner and form required by law. However, the appellees urge that when all parts of the deed are given their proper effect, and when the instrument is then considered as a whole, F. L. Riley, Sr., conveyed appellees a fee in the property and merely retained unto himself a life estate.

■ The fundamental rule in the construction of both wills and deeds is to give effect to the intention of the party executing the instrument, and this is to be arrived at by the language used in the entire writing. Glocksen v. Holmes, 299 Ky. 626, 186 S.W.2d 634; Phillips v. Thomas Lumber Co., 94 Ky. 445, 22 S.W. 652, 42 Am.St.Rep. 367; 16 Am.Jur., § 168, page 531.

■ The instrument before us is authenticated as a deed. It was not executed so as to be valid as a will, and, therefore, cannot be probated as a testamentary paper.

While the instrument in question contains the words that it was to become effective at the death of the grantor, it also contains the words, "has bargained and sold" and "does hereby sell and convey unto the second parties" and "to have and to hold * * * unto * * * second parties * * * with Covenant of General Warranty." These words aptly convey a present estate, and it is not presumed that one part of the deed was intended to conflict with another part thereof. As we think it is clear that only the enjoyment of the property was postponed until the grantor's death, we conclude that, giving some effect to all parts of the deed, its proper construction is that the grantees took a present estate vesting at the time of the delivery, but taking effect in possession at the death of F. L. Riley, Sr. See, Hunt v. Hunt, 119 Ky. 39, 82 S.W. 998, 68 L.R.A. 180.

Judgment affirmed.

SIMS, C. J., not sitting.