Herbert STRANGE, Appellant,

v.

Houston STEWART, Appellee.

Court of Appeals of Kentucky.

Dec. 9, 1960.

James A. Crumlin, Louisville, for appellant.

T. L. Burress, Greensburg, for appellee.

BIRD, Chief Justice.

Herbert Strange, appellant, and Houston Stewart, appellee, are brothers-in-law. Stewart married Cleo Strange, Herbert's sister.

Herbert and Cleo bought a small farm in Green County for the purpose of providing a home for their aged father, Cleaver Strange, who was blind and partially deaf. At the time of the purchase Cleo was living in Greensburg with Houston. Upon purchasing the farm she moved to it in order to care for her father. Houston's employment made it inconvenient for him to live on the farm with his wife and father-in-law. He therefore continued to live in Greensburg but visited with his wife and father-in-law regularly and particularly on the weekends.

This arrangement continued for several years and until Cleo died intestate in 1953. The record discloses no unpleasant relationship between any of the parties.

Upon Cleo's death the fee to her undivided half interest vested in her father, Cleaver Strange, whereupon he became a joint owner with Herbert Strange who had kept his interest throughout the years.

In 1954 Cleaver Strange executed an instrument purporting to convey his undivided half interest to Houston Stewart, his daughter's surviving husband. This instrument contained the following reservation: "This deed is to become effective at the death of Cleaver Strange." Cleaver Strange died in 1957 and the instrument was then put to record. Stewart brought this action to sell the property and divide the proceeds between himself and Herbert Strange as joint owners. Herbert Strange challenged the validity of the purported conveyance upon various grounds and claimed sole ownership in himself. The trial

court adjudged that the property was jointly owned by Herbert Strange and Houston Stewart and ordered a sale and division of the proceeds. Herbert Strange appeals.

■ He first contends that, because of the quoted reservation, the instrument is testamentary in character, passing no estate upon its execution, and, since it does not begin to meet the requirements of a will, it is a nullity.

We have held repeatedly that instruments containing such reservations are valid deeds if other requisites are met. Hunt v. Hunt, 119 Ky. 39, 82 S.W. 998, 68 L.R.A. 180; Glocksen v. Holmes, 299 Ky. 626, 186 S.W. 2d 634; Riley v. Riley, Ky., 266 S.W. 2d 109. The instrument is otherwise sufficient in form and substance to constitute a valid deed.

■ Appellant charges that the conveyance was procured by fraud and undue influence at a time when Cleaver Strange did not have sufficient mental capacity to know the effect of his act.

The trial court found as a matter of fact that there was neither fraud nor undue influence and that Cleaver Strange did have sufficient mental capacity to understand the consequences of his act.

Upon examination of the record we find sufficient testimony of probative value to warrant these findings of fact and we will therefore not disturb them on appeal. CR 52.01; Asher v. Hartlage, Ky., 336 S.W.2d 335.

We find no prejudicial error. The judgment is affirmed.