**The FRANKLIN REAL ESTATE COMPANY,**
a corporation, Appellant,

v.

**Demart MUSIC et al., Appellees.**

Court of Appeals of Kentucky.

June 25, 1965.

Porter M. Gray, John M. Williams, Gray, Woods & Cooper, Ashland, for appellant.

J. K. Wells, Wells & Wells, Paintsville, for appellees Demart Music, Laura Music, John B. Music and Nancy Music.

Eugene Rice, Paintsville, warning order atty. for Elizabeth Music Ashley and others.

Annie Bennington, pro se.

Fannie Greenway, pro se.

W. H. Music and Ivel Music, pro se.

Leota Music Derossett and Tolba Derossett, pro se.

CLAY, Commissioner.

This is a declaratory judgment action in which the Chancellor determined that a certain instrument was a deed rather than a will and vested in the grantee a fee simple title to the real estate involved. These findings are challenged on this appeal.

In 1911 by "Deed of Conveyance" D. Mart Hager did "sell and convey" to Laura B. Music "and her children" a certain tract of land. There was a covenant of general warranty in the instrument and it recited a consideration of $3,000.

It also contained the following provision:

"The intention of this deed is to convey to the said Laura B. Music and her bodily heirs the foregoing described tract of land, which deed shall be in full force and effect at the demise of the said Grantor herein, D. Mart Hager."

This instrument was acknowledged as a deed, was delivered and recorded.

 It is contended that the last quoted portion of the instrument showed an intention to postpone the vesting of any estate until the death of the grantor and therefore the purported conveyance was testamentary in character and the instrument should be construed as a will. Such a construction would be contrary to the other language used and contrary to the dominant intent manifested, which is a determining factor. Glocksen v. Holmes, 299 Ky. 626, 186 S.W.2d 634.

The language in the instrument which ostensibly delays the full force and effect of its provisions may be construed as postponing the enjoyment of possession rather than the vesting of the estate. Hunt v. Hunt, 119 Ky. 39, 82 S.W. 998, 66 L.R.A. 180. We agree with the Chancellor that this is the proper construction of the somewhat ambiguous language and we think the controlling intent was to vest an immediate estate in the grantee (even though subject to a life estate in the grantor). This instrument simply cannot be construed as an intended will.

The caption of the deed recites the conveyance is to Laura B. Music "and her children". Twice later in the instrument reference is made to Laura B. Music "and her bodily heirs". It is contended that the deed must be construed as giving Laura only a life estate, with remainder to her children. It is our opinion that the reference to "children" in this particular deed must be construed in the same sense as "bodily heirs" and since such terminology

would have created what was once recognized as an estate-tail, which by KRS 381.070 is converted into a fee simple, Laura took the estate in fee.

The judgment is affirmed.